RUBEN PALMA V. STATE.

No. 26,431. May 13, 1953.
Rehearing Denied October 14, 1953.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) November 11, 1953.

*Clay Coggins,* Roby, for appellant.

*James Pearson,* County Attorney, Sweetwater, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of whiskey, wine and beer in a dry area for the purpose of sale, two prior convictions for offenses of like character being alleged for the purpose of enhancing the punishment. The jury assessed the punishment at 60 days in jail and a fine of $2,000.

It was stipulated that the area was dry and that appellant had been previously convicted of the offenses of like character alleged in the complaint and information.

A search of the home of appellant in his absence resulted in the finding of some 31 cases of beer, 11 quarts of wine and 13 half-pints of whisky.

The legality of the search which was made under authority of a search warrant served on appellant's wife is not questioned.

Some of the state's witnesses were acquainted with appellant and his wife and had seen appellant on the premises at various times after the search. They testified without objection that the premises searched was appellant's home.

One of the state's witnesses testified that in addition to appellant's wife and some children, a young man was in the house at the time of the search. Another witness testified that "they were standing outside like a bunch of blackbirds."

Upon this testimony appellant would have us apply the rule that where the evidence shows an equal opportunity of another, or others, to possess the liquor charged to have been possessed by the accused, the state's case, to be sufficient, must disprove the outstanding hypothesis that such other person and not the accused possessed the liquor.

The whisky, wine and beer were found in a dug-out area under the house, access to the same being through a trap door located under a cabinet in the house, except for two cases found in the "washhouse just behind the house," and two cases found "by some tyes close to the house."

There is nothing in the record to show that the young man seen at the house had any access to the "stash" of liquor under the house, or to the washhouse or the area "by some tyes," or that he resided or had the privilege of occupancy of the premises with appellant and his wife. The state's evidence shows that appellant resided in the house searched, with his family. There was no testimony to show that the unidentified young man also resided there.

As we interpret the record, the crowd outside referred to by the witness were merely curious spectators attracted by the raid. We see no significance to be attached to this testimony. Also, in the absence of an objection to the search we are unable to agree that testimony indicating that appellant's address had been given as 210 Fisher Street rather than 112 Fisher is material. Testimony that he lived at the place searched is not denied.

The facts stated clearly distinguish this case from those cited and relied upon by appellant wherein the rule above stated was applied.

We find the evidence sufficient to sustain the conviction.

The judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant's motion for rehearing herein stresses one proposition relative to the proof presented.

It was shown by one witness that at the time of the search of the appellant's home there was present an unidentified person, other than the appellant's wife, who was designated as a "young man." By another witness it was shown that there was no person present at the time of the search other than the appellant's wife. Outside of the area at such time many people "were standing around like blackbirds." It is the appellant's contention that under the outstanding hypothesis rule it was the state's duty to show by testimony that the young man presumably present at the time of the search was not connected with the possession of the liquor.

This being a case of circumstantial evidence, it seems plain that the person who lived at such house was surely connected with the possession of this large amount of liquor found under the house as described in the original opinion herein.

We are cited to the cause of Maddox v. State, 156 Tex. Cr. Rep. 151, 240 S. W. (2d) 319, in which it was held that since the accused not being present at the time of the search of his apartment, which was rented by his mother and occupied by her, his uncle and two of his sisters, it would have been incumbent upon the state to show that the accused had some control of, as well as an opportunity to have possessed the liquor described. We do not think that case is in point herein.

In the case of Peters v. State, 142 Tex. Cr. R. 146, 151 S.W. (2d) 594, it was held that for an outstanding hypothesis to be raised, such as required proof that others so situated did not have possession of the house where the liquor was found, it was necessary to show that such other person had an equal opportunity with the accused in order to give weight to the testimony that the accused lived at such place but that others with equal opportunity also lived there. The Peters case just above referred to is not of value to the appellant herein.

We do not think the mere fact that one witness testified that

a young man was staying there at the time of the search of the house would raise the outstanding hypothesis relative to such young man's ownership or possession of the liquor found in such quantity under the home of the appellant who was seen there at such place and whose wife was present therein at the time the search was made.

Believing that this cause has been properly decided, the motion for rehearing is therefore overruled.