CLYDE WADE SEWELL, JR. V. STATE

No. 32,935. February 8, 1961

*Allan J. Showers,* Houston 2, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Edward N. Shaw, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for unlawful possession of barbiturates; the punishment, two years in jail and a fine of $1,000.

The testimony of three peace officers shows that while accompanied by two other officers they went to the house where the appellant lived to execute a search warrant, but before entering the house they stopped a short distance away. While observing the house they saw several cars appear in front of the house, sound their horn, and the appellant go to each car and then return to the house. After a brief time they apprehended the appellant as he was leaving and with him they entered the house and searched it. Officer Geffert testified that to the best of his knowledge the appellant had been living in the house which they searched for about six months. In a bedroom which the appellant told the officers was his room, and where the officers saw letters and traffic tickets bearing appellant's name, and some clothing with the name or initial of Clyde Sewell on them, the officers found a match box containing two balloons with a white powder substance in them.

Proof was offered that an analysis of the white powder substance in each of the balloons showed that it was barbituates.

Appellant did not testify but called three witnesses whose testimony was that the appellant did not and had not lived in the house searched, but was living at another place; that appellant's father, Clyde William Sewell, his wife and son resided there, and that the clothing and tickets had the father's name C. W. Sewell on them.

Mrs. Joyce Wisnoski, a sister of the appellant, testified that she was visiting in her father's and mother's home when it was searched; that appellant had left a short time before the officers entered the house with him, and that appellant lived at another place. She further testified that during the search she saw one of

the searching officers enter the house from the outside through the back door with what appeared to be a "little matchbox or something" in his hand and said: "Look what I found outside."

The facts and circumstances in evidence are sufficient to warrant the jury's conclusion that the appellant possessed the barbituates as charged.

Appellant complains of Officer Geffert's testimony that while they were in the room where the barbituates were found appellant stated it was his room.

Appellant objected to anything he said on the ground he was under arrest; and the record shows that he was under arrest at the time.

Appellant's statement that the room was his was admissible as res gestae because it was made during and coincident with the search of the house. 18 Tex. Jur. 316, Sec. 194; Hicks v. State, 119 Tex. Cr. R. 252; 45 S.W. 2d 626; Johnson v. State, 158 Tex. Cr. R. 233, 254 S.W. 2d 131; Phillips v. State, 168 Tex. Cr. R. 463, 328 S.W. 2d 873.

The judgment is affirmed.

Opinion approved by the Court.