CHARLES GLENN EDWARDS, JR. V. STATE

No. 33,707. November 1, 1961
Motion for Rehearing Overruled December 6, 1961

*Rex Emerson,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Jon N. Hughes,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of marijuana; the punishment, ten years.

While four police officers were executing a search warrant for a residence, the appellant arrived and stated that he lived there. They then presented him the warrant which he examined. During the search of the appellant, certain particles and dustings were removed from his shirt pocket, the pockets of the trousers he was wearing, and from two pairs of trousers in a closet. The appellant then told Officer Chavez that he would show him where he had the remainder of the marijuana. "He stated there would be four Prince Albert cans of marijuana along with a match box containing marijuana seeds." Appellant then directed him to the bathroom where he pointed to the lower portion of the heater, which he stated would have to be removed with a screw driver. Following appellant's directions, he found the four Prince Albert cans and a penny match box.

The evidence shows that the officers had no information as to the location of the marijuana in back of the bathroom wall heater before the appellant told them about it and directed them to it.

A chemist testified that the four Prince Albert cans contained a total of 160 grams of marijuana, that the penny match box contained marijuana seeds, and that the dustings taken from appellant's clothing were particles of marijuana except for that found in one pair of the trousers.

Testifying in his own behalf, the appellant stated that he had been living at the place in question for four days at the time of the search. He denied having any knowledge of any marijuana in his pockets or in his apartment, or that he had told officers where it was and then directed them to it. He further stated that the officers beat him for about one hour trying to get him to reveal where the marihuana was located. He denied telling anyone that he went to Mexico and bought the marijuana with $500 furnished him by another person.

In rebuttal, the state offered proof that he had said that he had gone to Mexico and bought the marijuana with $500 furnished by another person, and that after he was released on bond in this case, he told Officer Strickland that all he had the marijuana for was to smoke. Proof was also offered that he had been previously convicted of three burglaries and two felony thefts.

There are no formal bills of exception.

It is contended that the court erred in permitting Officer Chavez to testify that when the appellant arrived he asked him who lived there and the appellant replied that he did, on the ground that he was under arrest.

The statement of appellant that he lived there was admissible as it was made during and coincident with the search of his house. Sewell v. State, 170 Tex. Cr. Rep. 550, 342 S.W. 2d 579. Further, the appellant, while testifying, stated that he lived at said place.

Error is urged in the admission in evidence of the fruits of the search on the ground that it was obtained by virtue of a void search warrant.

Although the warrant was marked for identification, it was never introduced in evidence, hence the search warrant is not in the record and its sufficiency cannot be appraised.

The evidence is sufficient to support the conviction, and, no error appearing, the judgment is affirmed.

Opinion approved by the Court.