**Leroy SYKES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38743.

Court of Criminal Appeals of Texas.

Dec. 8, 1965.

Philip Juarez, Donald J. Hobson, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., Robert J. Kuhn, Asst. Dist. Atty. and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is burglary; the punishment, five years in the penitentiary.

The evidence shows that when R. L. Haines, manager of Derrick Lumber Company, opened that establishment on the morning of December 11, 1964, he discovered that a number of tools and gloves were missing from the hardware department. He testified that upon further investigation he discovered that a window screen had been removed and "the window had been sprung in order to release the latch." A calendar normally hanging over the window blind had been knocked to the floor. Upon determining that the store had been burglarized, he then called the owner of the lumber company, M. H. Derrick, and also notified the Travis County Sheriff's Department.

Mr. Derrick testified that he found several screwdrivers on the outside of the store between the store and the fence enclosing his property, and that he could see where the burglar or burglars went through the fence. He stated that he did not give appellant permission to enter his building or to take any tools from the lumber company.

Officer Vorwerk of the Austin Police Department testified that tools identified as belonging to the Derrick Lumber Company were seized in a search of a residence at 113 Franklin Street in Austin, under a warrant.

W. R. Webb, deputy sheriff in Travis County, stated that he and other officers arrested appellant at 113 Franklin Street on January 5, 1965, and that a statement was taken from appellant on January 15, 1965. In the statement, which was read to the jury, appellant admitted that on December 11, 1964, he and a companion crawled over the cyclone fence of the Derrick Lumber Company, broke into the store building by prying open a rear window, and took a large number of tools.

Appellant attacks the admissibility of this confession on the grounds that it was not voluntarily given. At the time the statement was sought to be introduced, ap-

pellant objected, and the trial judge, at appellant's request, granted a hearing out of the presence of the jury to determine the voluntariness of the confession. The careful trial judge found and embodied in a separate order, that the confession was freely and voluntarily given after the proper statutory warnings had been given appellant, and that at no time did appellant request to consult with counsel, nor was he denied consultation with an attorney. We find no merit in either of appellant"s contentions. The action of the trial court does not reflect error. The evidence showing that a burglary was committed, together with appellant's confession, was sufficient to sustain his conviction for burglary. Dyches v. State, Tex.Cr.App., 382 S.W.2d 928; Webster v. State, Tex.Cr.App., 369 S.W.2d 355, and cases cited therein.

■ Appellant's brief and most of his oral argument before this court were devoted to his contention that evidence adduced at his trial was inadmissible because such evidence was the fruit of an illegal search. He contends that the affidavit and search warrant were invalid and even if these documents were properly executed, that the search warrant was not authorization for the seizure of the particular evidence used against him at this trial. Neither instrument appears in the record before us. Their sufficiency cannot be appraised; therefore, the question of the legality of the search is not presented for review.

While appellant's counsel did attach to his brief as Appendix A, a copy of an affidavit and search warrant, we held in Bailey v. State, 157 Tex.Cr.R. 315, 248 S.W.2d 144, that where the record reflected an affidavit and search warrant only in a motion to suppress evidence, and the affidavit and search warrant were not authenticated or certified by the trial court, they constituted nothing more than a pleading and could not be considered.

Appellant's position in the case at bar is not as firm as the appellant's in Bailey, supra. Quoting Bailey further, we held:

"The sustaining of a search warrant by the trial court is conclusive where the bill of exception does not set out the warrant."

Further, on rehearing in Bailey, a supplemental transcript was filed which set out that a search warrant had been issued and returned and filed, but it gave no indication that it was the one complained of or that it was exhibited before the trial judge. This Court held same to be insufficient to cure the defect in the bill of exceptions, and the motion for rehearing was overruled. Edwards v. State, 171 Tex.Cr.R. 487, 351 S.W. 2d 230; Montgomery v. State, 166 Tex.Cr.R. 486, 316 S.W.2d 751, and cases there cited.

No reversible error appearing, the judgment is affirmed.