Lee Roy COHRON, Appellant,

v.

The STATE of Texas, Appellee.

No. 39003.

Court of Criminal Appeals of Texas.

Jan. 26, 1966.

Rehearing Denied March 16, 1966.

Jones, Fillmore, Robinson & Lambert, by Glynn Purtle, Wichita Falls, for appellant.

Stanley Kirk, Dist. Atty., Jim Phagan and Thomas F. Keever, Asst. Dist. Attys., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary of a private residence at night with intent to commit theft; the punishment, 5 years.

The evidence shows that Mrs. Joe Levell was absent from her home between 8 P.M. and midnight; that when she left the doors were all locked, and when she returned a latch was broken, mud had been tracked in her kitchen and other parts of the house and some of her property, including groceries, canned goods and her chest of silverware, were missing.

Mrs. Levell reported the burglary of her home to the Sheriff's office and Deputy Sheriff Aubrey Bohannon came early in the morning to investigate. He found tracks leading toward a trailer house and called the Sheriff's office for assistance.

Deputy Sheriff Bill Tigert responded to this call and the two officers went to the trailer house where they found appellant, whose automobile was parked nearby. In the back seat of the car, under some bedding, they found personal property such as Mrs. Levell had reported was missing.

Deputy Bohannon testified that he asked appellant why he did it and he said that he had been drinking.

The testimony as to appellant's statement in the nature of a confession to Deputy Bohannon was admitted by the court as res gestae.

The court's ruling in this regard is supported by the opinion of this court in Sewell v. State, 170 Tex.Cr.R. 550, 342 S.W.2d 579. See also Johnson v. State, 158 Tex.Cr.R. 233, 254 S.W.2d 131;

Dempsey v. State, Tex.Cr.App., 387 S.W. 2d 891; Windham v. State, 169 Tex.Cr.R. 448, 335 S.W.2d 221; United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140.

Appellant was then left in custody of Deputy Tigert while Deputy Bohannon went to get Mrs. Levell. She was brought to the car where she saw and identified the property found in appellant's car as property that was missing from her home.

Over proper objection, Mrs. Levell was permitted to testify that she asked appellant "why he did it and he said he was drunk and he didn't know what he was doing and he said he begged my pardon." Over like objection, Deputy Sheriff Tigert testified that in answer to Mrs. Levell's question as to why he did it, appellant "told her that he was drunk and that his kids in Throckmorton were hungry," and Deputy Bohannon, over proper objection, testified that in answer to Mrs. Levell's question appellant "told her that he had been drinking."

■ We agree with appellant's contention that the testimony as to appellant's oral statement in the nature of a confession to Mrs. Levell was not admissible under the cases above cited.

The evidence shows that appellant had been found in possession of stolen goods and when called upon to explain such possession had, according to the officer's testimony, orally confessed that he had burglarized the house; and that he had been under arrest and in custody of one or both of the deputy sheriffs for some 10 minutes before Mrs. Levell came to identify the property.

■ In addition to the error in the admission in evidence of appellant's oral confession to the owner of the premises while in custody, there was error in the paragraph of the court's charge applying the law to the facts in that the jury was not required to find that appellant broke

and entered the private residence of Mrs. Levell with intent to commit the crime of theft of personal property therein being. This error was due, no doubt, to an inadvertent omission in Paragraph XI of the charge as originally drawn and as revised and read to the jury.

Because of the errors mentioned, the judgment is reversed and the cause remanded.