**Alvin Darrell SLATON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40358.**

Court of Criminal Appeals of Texas.

June 14, 1967.

Rehearing Denied Oct. 4, 1967.

Phil Burleson (on appeal only), Fred D. Moore, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert H. Stinson, Jr., Scott Bradley and James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Possession of a Narcotic Drug, to wit: Fentanyl; the punishment, assessed by the jury, confinement in the Texas Department of Corrections for forty (40) years.

In his first ground of error, appellant vigorously challenges the sufficiency of the evidence to support the jury verdict of guilty. Appellant points out that he was not present at the time of the search of the apartment during which the narcotic was found, and that no narcotic was found on his person at the time of his arrest.

Acting upon information received by telephone, certain narcotic officers of the Dallas City Police set up a surveillance of an apartment at 5513½ Bryan Parkway on Monday, December 13, 1965. The part time surveillance continued until appellant's arrest on Thursday, December 16, 1965. The officers did not see appellant at the apartment on Monday, but observed his arrival on Tuesday and Wednesday evenings at approximately 8:30 or 9:00 o'clock in the company of one Johnnye Edwards, a twenty-three year old woman. On both such evenings, the officers remained at their vantage points until after the lights went out in the apartment. The officers returned early Thursday morning, December 16th, and observed that appellant's automobile had not been moved from the position which they had observed it parked on the evening before. Further investigation revealed the automobile was covered with dew and frost and the motor was cold. On this same date, the officers received further information from an informer and secured a search warrant for the said apartment.

At approximately 8:30 P.M. that Thursday, six police officers executed the search warrant. Appellant was not present at the time. At the apartment the officers found Mary Slaton, the fifteen year old wife of the appellant and Johnnye Edwards. A search of the premises revealed various items including a number of hypodermic syringes and needles, assorted barbiturates, and a blue suitcase containing "dangerous drugs". In the bedroom closet, the officers discovered a man's sport coat. In the pocket of the coat, phenobarbital and apomorphine were found, and in addition, a drug later established to be fentanyl, the subject matter of this prosecution. The officers also found in the apartment two shotguns and a pistol, a nursing book with appellant's name thereon, and appellant's badge or nameplate with the additional word "Radiology". The nursing book contained appellant's marriage license and a photograph of appellant at a nightclub wearing a sport coat. Other clothing for a man was observed stored in the apartment and there were letters found addressed to appellant (at another address).

Shortly after the two females and the items seized were taken to the police station by some of the officers, appellant arrived and parked his automobile at the rear of the apartment building. As his two companions, Judy Smith and Seth Patterson, Jr., started up to the apartment with groceries, one of the officers went to the automobile where appellant was standing and placed him under arrest. The arresting officer

testified that at the time appellant said to him, "You mean you are searching *our* apartment? Well, I'll tell you one goddam thing, if I had been there you would have never gotten in the door. I would have blown your head off." The officer expressed the opinion that at the time of the arrest, appellant was "high" on narcotics and had needle marks on his arms. A search of the appellant's person and automobile revealed no narcotics.

The sport coat and photograph found in the apartment were introduced into evidence. Officer Vaughn, who found the coat, was permitted, over objection, to identify appellant in the photograph and to express the opinion that the coat appellant was wearing in the picture, "looks like the very same coat to me", as the coat found in the apartment containing fentanyl.

On the issue of guilt or innocence, appellant did not testify, but called several witnesses on his behalf.

Judy Smith, aged sixteen, whose testimony was not always consistent, revealed that she and Johnnye Edwards, the appellant and his wife lived for a month or more in an apartment on Lewis Street in Dallas; that approximately a week before appellant's arrest that the three women rented the apartment at Bryan Parkway and moved without the knowledge of the appellant, even though they used his car in such move; that appellant learned where they had moved when the car was returned "and he came over there."; that they had moved because they had been evicted from the Lewis Street apartment; that they may have had a few of the appellant's clothes with them when they moved; that at the time of the arrest, appellant had some of his clothes in his car; that at the time of his arrest, appellant may have been "high" on barbiturates but not on narcotics.

She did not know how the "drugs" got into the apartment, but testified appellant knew they were there and tried to get rid of them. She denied that the coat belonged to any one of the three women or that she had seen any man bring the coat into the apartment. While not sure, she believed she had seen the appellant wear the coat in question. She identified appellant in the above mentioned photograph as wearing the coat in question. On re-direct examination, she modified her answer and testified that she did not know "for a fact" it was the same coat as depicted in the photograph. Judy further testified no other man lived at the apartment.

Mary Slaton, the fifteen year old wife of the appellant, who at the time of the trial had had her marriage annulled and was at that time residing at a juvenile home, testified she had married the thirty-three year old appellant on September 23, 1965; that the marriage was one of convenience; that they had had no marital relations as a result of their agreement; that the purpose of the marriage was to prevent her from having to return to an orphan's home.

She gave a somewhat similar account as to the move from the Lewis Street apartment as Judy Smith. She did testify that appellant did not move with the three women and had never moved to the Bryan Parkway apartment. She admitted, however, he did spend two nights at such apartment immediately before his arrest. She identified the blue suitcase as hers, but denied knowing any drugs were contained therein.

The State offered evidence that four days before the appellant's arrest, the Dallas City Police, in response to a call, had gone to the Lewis Street apartment of the appellant which they found empty and unoccupied. At the time, a real estate agent turned over to them a quantity of drugs found in said apartment.

The record is replete with evidence, mostly offered by the appellant, that he had been for some time a user of narcotics.

The chain of custody of the fentanyl was established by stipulation, and Dr. Morton F. Mason testified that fentanyl, with its morphine like properties was a narcotic drug whose trade name was Innovar. He

further revealed that fentanyl had not been approved for human use by the Food and Drug Administration, but it had been released to veterinarians for use on animals.

The case was submitted to the jury under a charge on circumstantial evidence and a proper charge on "possession". Massiate v. State, Tex.Cr.App., 365 S.W.2d 802, 803.

Under this testimony, appellant would have us apply the rule that in a circumstantial evidence case where the evidence shows an opportunity of another or others to possess the narcotic alleged to be possessed by the accused, the State's case, to be sufficient, must disprove the outstanding hypothesis that such other person and not the accused possessed the narcotic. He cites and relies upon Brock v. State, 162 Tex.Cr.R. 339, 285 S.W.2d 745 and Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56.

The evidence here shows that the appellant, a known user of narcotics and a male nurse when employed, was the only man living at the apartment. He was the only man whose possessions were found on the premises. He was shown to have known "the drugs" were there and wanted to get rid of them. Judy Smith denied that the fentanyl was hers or Johnnye Edwards'. Appellant's wife denied having ever seen the fentanyl or even knowing any drugs were on the premises. There was no evidence before the jury that any of the three women were users of narcotics or that their arms bore needle marks, though Judy Smith admitted using a barbiturate. The man's sport coat in which the fentanyl was found did not belong to the three women living at the apartment nor were they ever seen in possession of it. No other person was seen bringing male clothing to the apartment. Judy Smith testified she believed she had seen the appellant wear the coat in question and on cross-examination, she, like Officer Vaughn, identified the photograph found in the search as being one of appellant wearing the coat in question.

We conclude that the facts stated in conjunction with other circumstances clearly distinguish this case from those cited and relied upon by appellant wherein the rule he urges was applied. Palma v. State, 159 Tex.Cr.R. 151, 261 S.W.2d 589; Bomar v. State, 172 Tex.Cr.R. 307, 356 S.W.2d 931, (which also distinguished Brock v. State, supra, cited by appellant).

See also Sewell v. State, 170 Tex.Cr.R. 550, 342 S.W.2d 579; Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735; King v. State, 169 Tex.Cr.R. 34; 335 S.W.2d 378; Watson v. State, 164 Tex.Cr.R. 593, 301 S.W.2d 651.

The evidence viewed in light most favorable to the verdict of the jury is sufficient to sustain the conviction.

In his second ground of error, appellant complains of evidence introduced by the State, at the separate hearing on punishment, concerning appellant's prior 1950 conviction for robbery in the State of Oklahoma at the age of sixteen years. There was no showing made as to what the laws of Oklahoma were in regard to juvenile offenders or in regard to prosecutions of a minor for a felony in 1950. In absence of such showing, appellant, citing Green v. State, 165 Tex.Cr.R. 46, 303 S.W.2d 392, 393, contends that the assumption must be made that such laws are the same as in Texas, and in this State, an adjudication that one was a juvenile delinquent cannot be used as a part of one's prior criminal record at the separate hearing on punishment.

Appellant is correct in his contention; however, we observe that on the hearing of guilt or innocence, appellant introduced a historical résumé of appellant's past obtained from the Medical Center for Federal Prisoners, Springfield, Missouri. Such résumé not only reveals a federal conviction, but the details of appellant's commitment to Oklahoma State Penitentiary at age sixteen. The appellant having opened the door on the hearing of guilt or inno-

cence cannot complain because the door was still open at the separate hearing on punishment. We further note that a felony conviction of a sixteen year old Texas defendant is not void. Taylor v. State, 172 Tex. Cr.R. 45, 353 S.W.2d 422 and cases therein cited.

Appellant's second ground of error is overruled. 5 Tex.Jur.2d, Sec. 409, pp. 611, 612.

■ Appellant's next contention is that he was deprived of his constitutional rights by the failure of the State to reveal to him the name of the informer who supplied the information leading to the procurement of the search warrant. There is no showing in the record that appellant gave a reason for or demonstrated any necessity which would have justified revealing the identity of the unnamed informer. Bosley v. State, Tex. Cr.App., 414 S.W.2d 468; Acosta v. State, Tex.Cr.App., 403 S.W.2d 434; Thayer v. State, Tex.Cr.App., 397 S.W.2d 236; Artell v. State, Tex.Cr.App., 372 S.W.2d 944. See also McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.

■ A number of appellant's grounds of error relate to the search warrant. In one he contends there is a material variance between the affidavit and the search warrant and that said affidavit does not show probable cause. Appellant, however, fails to point out any such variance, material or otherwise, and the record does not support his conclusion. As to probable cause, it is observed that in their affidavit for a search warrant on December 16, 1965, Officers R. T. Diaz and B. T. Zapata, who had been conducting a surveillance of the Bryan Parkway apartment, swore that they had that day received information from a confidential informant whose past information had proven to be true and correct to the effect that the informant had been within the said apartment within the last twenty-four hours and had seen appellant injecting a liquid substance in his veins and had observed needles and syringes, and partially filled vials labeled "Demerol", "Morphine", and

"Cocaine". The officers further swore that of their own knowledge appellant had previously been convicted for a violation of the State narcotic laws. We conclude that sufficient facts were presented to the magistrate to establish that probable cause did exist for the issuance of a search warrant. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

Appellant's contention is overruled.

Appellant next complains it was error for Officer Vaughn to invade the province of the jury by giving his conclusion that the man's coat found at the apartment looked like the one the appellant was wearing in the photograph.

In Romans v. State, 153 Tex.Cr.R. 474, 220 S.W.2d 891, it was appellant's contention that whether or not the buttons on the shirt and those found on the ground at the scene of the assault were alike was an issue of fact for the determination of the jury and not the Sheriff who so testified. There the Court said:

"On original submission we agreed with appellant, but on a more careful review of the authorities on the subject, we find we were in error. Tex.Jur. Vol. 19, p: 378, states the rule to be as follows: 'The opinions of ordinary observers are admissible on questions of identity, whether the identity be of persons, animals, or things, or even that of a corporation.'"

See Tex.Jur.2d, Vol. 23, p. 688, Section 479.

■ It is further observed that Judy Smith, a witness for appellant, testified without objection to the same subject matter and identification as Officer Vaughn, both on cross and re-direct examination. Appellant is in no position to complain because the same or similar testimony was introduced without objection. 5 Tex.Jur.2d 704, Sec. 446; Love v. State, Tex.Cr.App., 373 S.W.2d 242.

Appellant's contention is overruled.

The judgment is affirmed.