Bergan, J.
In the murder of a policeman following close upon the robbery of a store, William Stanbridge, a participant in both crimes, has been convicted of manslaughter in the first degree, a substantially lesser charge than the murder, first degree, on which he was tried. He was also convicted of robbery, larceny and assault charges arising from the store robbery.
Stanbridge confessed his participation in the crimes. He had two accomplices, Robert Moll and John Closter, who also confessed. There was a joint trial in which the confessions of each defendant were received, each only against the one confessing, with adequate limiting instructions to the jury as to the others. This court in 1967 affirmed all three convictions with a dissenting opinion by Judge Burke in which Chief Judge Fuld joined (People v. Moll, 21 N Y 2d 706).
On June 16, 1969 the Supreme Court of the United 'States on petition of Stanbridge vacated the judgment of conviction as to *4 him and remanded the case to this court ‘1 for further consideration in light of Bruton v. United States, 391 U. S. 123” (Stanbridge v. New York, 395 U. S. 709).
The decision in Bruton turned entirely on the absence of confrontation of witnesses required by the Constitution in a criminal trial. This absence was noted when a codefendant’s confession implicated the complainant and was received in evidence at a joint trial.
In such a situation, the human nature of juries being what it is, the Supreme Court felt the protection of judicial instruction to the jury not to consider what A’s confession said about B was an inadequate safeguard.
■So the rule of Delli Paoli v. United States (352 U. S. 232), resting on the supposed protection of careful judicial instruction, was overruled. The essence of Bruton as laid down by Justice Brennan is this: “ Here the introduction of Evans’ confession posed a substantial threat to petitioner’s right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard Evan’s inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions'as an adequate substitute for petitioner’s constitutional right of cross-examination ” (391 U. S., p. 137).
Further consideration of the present case with the Bruton doctrine in mind requires this court to see both the extent to which there was an absence of confrontation against IStanbridge when the whole record is looked at; and if the rule of Bruton had been violated, whether the other evidence in the case was so strong as to subordinate the effect on Stanbridge of confessions of codefendants to a minor role so as to say the error was harmless within Harrington v. California (395 U. S. 250 [1969]).
Justice Brennan, dissenting in Harrington, felt that “the deterrent effect of ’ ’ Bruton and some other cases ‘ ‘ will be significantly underminded ” by Harrington (395 U. S., p. 255). A State court must, however, take the two cases the way they have been laid down and follow them both in good faith and as far as possible.
On confrontation with the confessing codefendants, there was full adversary opportunity for Stanbridge’s lawyer to examine these defendants as to the statements made by them involving *5 Stanbridge. All three defendants testified at the Huntley hearing; none testified at the trial. Counsel for Stanbridge cross-examined Closter, one of the codefendants; he had opportunity to cross-examine Moll but did not do it.
The complete absence of confrontation found in Bruton, therefore, did not exist here; and although there is a difference between the cross-examination afforded at a trial, absent here because defendants did not testify, and that afforded at the Huntley hearing where they did testify, the availability of a means to test truth seems significantly to distinguish this case from Bruton where there was no such availability of cross-examination or confrontation.
This court, considering the effect of Bruton, has noted the difference in effect where codefendants testify at the trial and are subject to cross-examination (People v. Anthony, 24 N Y 2d 696). It has applied the same rule where opportunity to cross-examine was afforded at a Huntley hearing (People v. Galloway, 24 NY 2d 935).
On somewhat different grounds, the court also has not applied the Bruton rule where there are multiple confessions of codefendants and the complaining defendant has himself confessed, apparently because this is a safety check on the reliability of the confession or, in any event, minimizes the prejudicial effect of receiving implicating confessions of other defendants. “ [I]n a case such as this, the logic of Bruton is inapplicable ” (People v. McNeil, 24 N Y 2d 550, 552 [Scileppi, J.]). This was in part based on the rationale in United States ex rel. Catanzaro v. Mancusi (404 F. 2d 296).
This reasoning suggests somewhat the broader view of Harrington which affords ground on which the record in this case should be distinguished from Bruton. If Stanbridge’s confession be taken into account, the evidence against him is, indeed, as overwhelming as that considered in Harrington.
The issue on the validity of that confession is now closed and as a matter of law it must be held a free and voluntary confession properly received against Stanbridge. This, as to Stanbridge, was the main, problem debated in this court, as the dissenting opinion demonstrates (21 N Y 2d 706, 709-711).
The Supreme Court did not reopen this issue in remitting to consider the effect of Bruton which is quite a different question, *6 and so the confession of Stanbridge added to the circumstantial case against him gives strong enough support to the judgment to come within Harrington. Indeed the identity of an unusual car owned by Stanbridge, observed at the scene of the crime by a youthful and alert witness, led to the apprehension of all defendants.
Upon reconsideration the judgment should be affirmed.
Judges Soileppi, Breitel, Jasen and Gibson concur with Judge Bergan ; Chief Judge Fuld and Judge Burke concur in the following memorandum: Although we still subscribe to the view set forth in the dissenting opinion in People v. McNeil (24 N Y 2d 550) —which would require a reversal here—we are constrained by the majority’s decision in that case to vote for affirmance. (See, also, concurring opinion in People v. Galloway, 24 N Y 2d 935, 936.)
Upon reargument by defendant Stanbridge: Original decision of this court, dated December 29, 1967, affirming the judgment, adhered to.