**Alfreddie CAREY and Jesse Lee Brager, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 42777.**

Court of Criminal Appeals of Texas,

June 17, 1970.

Weldon Holcomb and Rex Kirby, Tyler (on appeal only), Marshall Spivey, Tyler (court-appointed), for appellants.

Hunter B. Brush, Dist. Atty., and F. R. Files, Jr., Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, five years' confinement in the Texas Department of Corrections for each appellant.

The indictment jointly charged the appellants Carey[1] and Brager, Earnest Charles Gardner and Richard Arterberry. Gardner pled guilty, Arterberry was granted a severance and the appellants were jointly tried and convicted from which conviction this appeal is taken. It does not appear that the two appellants (who were cousins) ever sought a severance.

Initially, appellants challenge the sufficiency of the evidence to sustain their convictions.

Grady Wilson testified he and his brother owned and operated the Troup Feed and Supply Company in Troup, Texas; that after the place of business had been locked and secured on the night of August 3, 1967, someone broke into the building and knocked the door off a safe therein and took approximately $800; that he had the care, custody and control of the building and did not give anyone consent or permission to break and enter the business establishment. His brother, Vernon Wilson, gave similar testimony. They both related the

appellant Brager had been a former employee.

Co-indictee Gardner testified that he, Arterberry and the two appellants, all of whom had gone to school together, planned the burglary on the night in question; that they pried open the door of the feed store and took turns using a sledge hammer to open the safe and divided the money taken therefrom.

It was shown that the appellant Carey was arrested in Dallas on January 11, 1968, and returned to Smith County.

The separately taken extrajudicial confessions of each appellant were offered into evidence. In such statements each appellant confessed to his participation in the alleged crime with his co-defendant and the details recited therein were substantially the same as the testimony of the co-indictee Gardner. Each appellant testified and while admitting signing the confessions denied any part in the alleged burglary. The appellant Carey offered testimony as to alibi.

Viewed in the light most favorable to the jury's verdict, as we are required to do, we conclude that the evidence was sufficient to sustain the verdict. The evidence sufficiently corroborated the testimony of the accomplice witness Gardner as required by Article 38.14, Vernon's Ann.C.C.P. See Edwards v. State, Tex.Cr.App., 427 S.W.2d 629.

Next, appellants contend "[t]he trial court committed fundamental error in admitting in the absence of a proper predicate evidence obtained from the accomplice witness Gardner."

On cross-examination of Gardner it was established that he had given a written statement to the district attorney in October, 1967, and his testimony was "the same thing" as his statement. Upon request the statement was handed to counsel for the

---

1. Appellant's brief noted the name Carey should be spelled Cary, but acknowledged the fact that it was not brought to the trial court's attention.

appellant Carey. Thereafter no effort was made to use such statement for cross-examination and possible impeachment. The statement was not introduced nor was any effort made to make it a part of the record. There is no showing that the statement was used before the jury by the prosecution so as to bring into play the "use before the jury" rule, see Rose v. State, Tex.Cr.App., 427 S.W.2d 609, and certainly there was compliance with the Gaskin rule (Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467).

It appears to be appellants' rather novel contention that the statement was an extrajudicial confession of the witness Gardner and that since it could not have been used against him without a showing of a compliance with the requirements of Article 38.22, V.A.C.C.P., Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, etc., and that since his (Gardner's) testimony in the case at bar was predicated upon such statement or confession implicating the appellants, it was incumbent upon the State to prove that such statement was taken in accordance with Article 38.22, supra, Miranda, etc., before Gardner should have been permitted to take the witness stand and testify for the State. This is the appellants' contention despite the fact that there was no objection on this ground.

Appellants would have us hold that a necessary predicate for the testimony of any accomplice witness who has previously confessed is a showing that such confession was legally taken. We decline to so hold.

Next, appellants contend the court erred in admitting the extrajudicial confessions of the appellant Carey and the extrajudicial confession of the appellant Brager.

When the voluntariness of such confessions was challenged the trial court conducted a Jackson v. Denno hearing in the absence of the jury to determine the admissibility of the same. See Article 38.22, V.A.C.C.P.

At the conclusion of such hearing the trial judge filed his findings of fact and conclusions of law and admitted the confessions into evidence. His findings are clearly supported by the evidence.

The record reflects the appellant Carey made his first confession after having been given an "officer's warning" and signing a waiver. The following day after he was taken before a magistrate and warned in accordance with Article 15.17, V.A.C.C.P., he was also warned by the assistant district attorney who took his second statement in accordance with Article 38.22, V.A.C.C.P. After appellant Carey executed a waiver of his rights, the second statement was taken. All of the warnings given were sufficient to comply with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The waiver contained in both of Carey's confessions reads as follows:

"I do not have a lawyer and do not want one, either hired or appointed at this time. I want to waive my right to remain silent and to have a lawyer present, and I want to make this statement."

Such boilerplate statement is supported by a separately executed waiver attached to the "officer's warning" and the testimony of the witnesses.

The court found "[t]hat each and all of the waivers signed and executed by the said defendant Alfreddie Carey was done freely and voluntarily and the statements or confessions made by him were freely and voluntarily made and each and all of said instruments were signed by the said defendant Alfreddie Carey without any kind or character of persuasion or compulsion. * * *"

It seems to be appellant Carey's chief complaint that the court failed to find that the waivers were, in addition to being voluntarily made, also knowingly and intelligently executed. While the use of such words as "knowingly, intelligently and voluntarily" in the court's findings in connection with the waiver of rights are

desirable in light of the Miranda decision and Article 38.22, Sec. 1(c) (3), V.A.C.C.P., their absence is not fatal. The record supports the fact that the waivers in question were also intelligently and knowingly made despite the 21 year old appellant Carey's contention that he could not read even though he quit school while in the 11th grade, or the officer's testimony he decided to read one of the statements to him.

We likewise reject appellant Brager's similar contention as to the court's findings as to waiver. And we find no merit in his claim that the warnings given him were not sufficient to meet the requirements of Miranda.

■ The voluntariness of the confessions was raised by testimony offered in the jury's presence and the issue was submitted in the court's charge. The jury was told if it found or had reasonable doubt of the voluntariness to wholly disregard and not consider the confessions for any purpose. The appellants complain that the court erred "in failing to require the jury to find beyond a reasonable doubt that the confessions were voluntarily made." See Article 38.22, V.A.C.C.P.

There were no objections to the charge or special requested charges in accordance with Articles 36.14 and 36.15, V.A.C.C.P. Nothing is presented for review. See also Article 36.19, V.A.C.C.P.

The remaining grounds of error present the more difficult questions of this appeal.

There the appellants contend the trial court erred in admitting the alleged confession of the co-defendant Brager into evidence against the appellant Carey and vice versa. They cite and rely upon Garcia v. State, 126 Tex.Cr.R. 523, 72 S.W.2d 1098; Burns v. State, 123 Tex. Cr.R. 213, 57 S.W.2d 836; Ex parte Suger, 149 Tex.Cr.R. 133, 192 S.W.2d 159. Further, they claim the court failed to give proper limiting instructions in its charge.

■ The State recognizes the *general* rule that a confession of guilt can only be used against the person giving the confession and is inadmissible against others under the hearsay rule. See Schepps v. State, Tex.Cr.App., 432 S.W.2d 926, 940; McCormick & Ray, Texas Law of Evidence, 2nd ed., Sec. 1219, p. 96; 24 Tex.Jur.2d, Evidence, Sec. 667, p. 272. The State urges, however, that the confessions were admitted only against the appellant giving the same and not against the other. The State calls attention to the fact that the issues of the voluntariness of the confessions were submitted to the jury in separate paragraphs of the charge in which the particular confession referred to was shown to have been admitted "against him" which has reference back to the particular appellant who gave that confession. There was no objection to the confessions on the grounds now alleged or to the charge nor any request for further limiting instructions in accordance with Articles 36.14 and 36.15, V.A.C.C.P. See Dennis v. State, Tex.Cr.App., 420 S.W.2d 940.

■ The error here, if any, is of constitutional dimension. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. See also Singer, "Admissibility of Confession of Co-defendant"; Journal of Criminal Law, Criminology and Police Science, Vol. 60, No. 2, p. 195 (June, 1969); "The Supreme Court, 1967 Term," 82 Harvard Law Review 63, 231–238; 47 Texas Law Review 143.

In Bruton the United States Supreme Court, overruling Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294. 1 L.Ed.2d 278, held that despite instruction to the jury to disregard the implicating statements in determining the co-defendant's guilt or innocence, admission at a joint trial of a defendant's extrajudicial confession implicating a co-defendant violated the co-defendant's right of cross-examination secured by the confrontation clause of the Sixth Amendment. And in Roberts

v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, the Supreme Court held that the Bruton decision was not only applicable to ·a state proceeding but that the decision was fully retroactive.

We do know, however, that a Bruton error can, under some circumstances, be harmless constitutional error. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. The rule in Bruton is thus not absolute.

Since each of the confessions in the case at bar clearly implicated the other appellant, we must decide whether the error calls for reversal.

In Bruton two men were prosecuted for armed robbery of a post office. The confession of Evans, Bruton's co-defendant, implicating Bruton, was introduced at their joint trial. Bruton had not confessed. Neither Bruton nor Evans testified, and both appealed. Evans' conviction was reversed because his confession did not meet the requirements of Miranda. Bruton's conviction was affirmed by the Court of Appeals, 375 F.2d 355 (8th Cir.), but was set aside by the Supreme Court as earlier noted. The Bruton fact situation was further complicated by Evans' acquittal upon retrial.

In the case at bar both appellants had made extrajudicial confessions which were introduced at their joint trial where both appellants testified at the Jackson v. Denno hearing and later before the jury. Neither appellant was cross examined by the other, nor was an attempt made to do so. Each admitted signing his confession or confessions,[2] but denied participating in the alleged burglary. The confessions of the appellants introduced at this joint trial were substantially similar, mutually inculpatory and non-contradictory.

It would appear that a substantial difference exists between a joint trial in which a jury hears a co-defendant's statement inculpating a defendant who has himself made similar incriminatory admissions, and the Bruton type of case in which the co-defendant's statement is used against a defendant who has made no admissions. In the former situation the prejudice or harmful effect to the defendant, if any, is minimal and entirely insufficient to call for a reversal, particularly where there is other adequate evidence to reflect the defendant's guilt.[3] See United States ex rel. Catanzaro v. Mancusi (2nd Cir.) 404 F.2d 296; People v. McNeil, 24 N.Y.2d 550, 552, 301 N.Y.S.2d 503, 504, 249 N.E.2d 383, 384; People v. Moll, 26 N.Y.2d 1, 307 N.Y.S.2d 876, 256 N.E.2d 185; People v. Rhodes, 41 Ill.2d 494, 244 N.E.2d 145; State v. Hopper, 253 La. 439, 218 So.2d 551; State v. Carter, 54 N.J. 436, 255 A.2d

2. The appellant Brager acknowledged he received the warnings and understood them and executed a waiver and wrote out his confession. He related it was his first experience with law enforcement officers and he was scared, though he acknowledged he was not beaten or threatened, etc. The appellant Carey acknowledged signing the statements and waivers, but contended some of the warnings were incomplete, that he did not understand, etc., and he was scared though he was not threatened, beaten, or mistreated in any way.

3. In addition to independent evidence that a burglary had been committed by someone, the confession or confessions of each appellant were shown to have been legally taken and voluntarily given. The details recited in such confessions matched the evidence found at the scene of the crime. Such evidence is sufficient to support a conviction. Nixon v. State, 159 Tex.Cr.R. 548, 266 S.W.2d 150; Estes v. State, 160 Tex.Cr.R. 632, 274 S.W.2d 411; Dyches v. State, Tex.Cr.App., 382 S.W.2d 928; Abel v. State, Tex.Cr.App., 395 S.W.2d 641; Bennett v. State, Tex.Cr. App., 396 S.W.2d 402; Sykes v. State, Tex.Cr.App., 396 S.W.2d 887; 4 Branch's Ann.P.C., 2nd ed., Sec. 2524.31. Still further, there was the testimony of the accomplice witness Gardner which made out a complete case against the appellants. It would seem most likely that the jury in determining the guilt of each appellant would place greater emphasis on the other evidence and each of the self incriminating statements of the particular appellant rather than on hearsay statements of his co-defendant.

746; State v. Aiken, 452 P.2d 232 (Wash.); People v. DeVine, 57 Misc.2d 862, 293 N.Y. S.2d 691.

In People v. Rosochacki, 41 Ill.2d 483, 244 N.E.2d 136, the Supreme Court of Illinois said:

"We accordingly hold that the presence of defendant's own statements in this case so diminished the prejudicial effect of the admission of Nowak's inculpatory statement as to relegate the admission of such evidence to the status of harmless error. Dillon v. United States (Duggar v. United States) (10th Cir.), 391 F.2d 433, cert. den. 393 U.S. 825, 89 S.Ct. 87, 21 L.Ed.2d 96."

And in Jones v. State, 227 So.2d 326 (Fla.App.), it was held that where the defendant's confession, which was clearly admissible as against him, was in such detail that the statements of his co-defendant which implicated him added nothing new, their admission was harmless error under the rule of Harrington v. California, supra.

Further, another distinction between the case at bar and the Bruton type joint trial is that both appellants testified at the trial and an opportunity for cross-examination was afforded. See People v. Anthony, 24 N.Y.2d 696, 301 N.Y.S.2d 961, 249 N.E. 2d 747; State v. Fox, 274 N.C. 277, 163 S.E.2d 492; People v. Ross, 41 Ill.2d 445, 244 N.E.2d 608. In Bruton there was a complete absence of confrontation which was not true in the case at bar.

In Wade v. Yeager, 415 F.2d 570 (3rd Cir.), where the two Wade brothers were jointly tried and Nathaniel's confession was introduced, the court held that John suffered no deprivation of his constitutional right of confrontation where Nathaniel took the stand and testified even though he was not cross examined by his brother John.

The court said:

"The right of confrontation is satisfied where there is the opportunity for cross-examination and does not require that the opportunity be exercised. If John's cross-examination of Nathaniel could not have been of any use to John, this is only because Nathaniel had already given John the benefit on his direct examination and cross-examination by the state of the disavowal of his confession which John normally might have hoped to achieve by cross-examination. That it came voluntarily from Nathaniel instead of being wrung from him on cross-examination shows only that cross-examination was unnecessary and not that it was unavailable." [4]

Some courts have gone so far as to hold that Bruton can be distinguished where there is an opportunity to cross examine at a Jackson v. Denno type hearing,[5] see People v. Galloway, 24 N.Y. 2d 935, 301 N.Y.S.2d 994, 249 N.E.2d 771, though it is recognized the cross-examination at such hearing is not on a par with cross-examination at the trial on merits in the presence of the jury. People v. Moll, supra.

Neal v. United States, 415 F.2d 599 (9th Cir.) held the Bruton error there harmless under Harrington and noted that the harmless error rule as applied to admitting the confession of a co-defendant implicating defendant is not limited to circumstances in which a co-defendant whose confession was received was available for cross-examination. This was followed by the decision of the Court of Appeals, Sixth Circuit, in United States v. Clayton, 418 F.2d 1274, holding that overwhelming evidence of a defendant's guilt was sufficient to overcome a Bruton

---

4. In a footnote (No. 7) of such case, the court distinguished the case from Douglas v. Alabama, 380 U.S. 415, 420, 85 S.Ct. 1074, 13 L.Ed.2d 934.

5. Davis v. Sigler, 415 F.2d 1159 (8th Cir., Blackmun, J.) is to the contrary.

error even though there was no showing that the co-defendant, whose confession was received, was available for cross-examination or that the defendant had made a confession which was introduced.

 In light of the particular circumstances of the case at bar and holding of Harrington v. California, supra,[6] which itself involved a Bruton type error, we deem the error here harmless error. No severance was requested and the appellant failed to object to the introduction of the confessions on the grounds now under consideration [7] or to request redaction, and the admitted confessions were reciprocally incriminating. Under such circumstances the lack of confrontation would not appear to be so prejudicial as to render Bruton applicable and a reversal essential. Further, the fact that both appellants took the stand afforded each the right of confrontation and an opportunity for cross-examination.

We do not feel the error here injured or prejudiced either appellant in any significant way before the jury or deprived either of a fair trial. See Lutwak v. United States, 344 U.S. 604, 607, 73 S.Ct. 481, 97 L.Ed. 593.

In arriving at our conclusion we are not unaware of some decisions which hold it is unimportant that the co-defendant took the stand when the co-defendant denies having made the statement because there is no effective right of cross-examination in regard to that statement. See Townsend v. Henderson, 405 F.2d 324 (6th Cir.); Cook v. Sigler, D.C., 299 F.Supp. 1338 (citing Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074); People v. Hammond, 115 Ill.App.2d 347, 253 N.E.2d 29. Even under such circumstances the error may be deemed harmless error. In re Hill, 80 Cal.

Rptr. 537, 458 P.2d 449 (Cal.). See also In re Whitehorn, 1 Cal.3d 504, 82 Cal.Rptr. 609, 462 P.2d 361; In re Lara, 1 Cal.3d 486, 82 Cal.Rptr. 628, 462 P.2d 380.

We do not view those cases as calling for a different result than we have reached in the instant case under circumstances presented.

Finding no reversible error, the judgment is affirmed.

---

6. Mr. Justice Brennan, dissenting in Harrington, stated that "the deterrent effect of" Bruton and other cases "will be significantly undermined" by Harrington. (395 U.S. p. 255, 89 S.Ct. 1726).

7. In fairness it should be observed that appellants' trial commenced on February 15, 1968, prior to the Bruton decision (June 10, 1968). The appellate record did not reach this Court until January 2, 1970, almost two years later though the transcription of the court reporter's notes were filed in the trial court on March 29, 1968.