**UNITED STATES ex rel. Robert DUFF, Appellant,**

v.

**John ZELKER, Superintendent of Green Haven Correctional Facility, Stormville, New York, Appellee.**

**No. 180, Docket 71-1468.**

United States Court of Appeals, Second Circuit.

Argued Oct. 27, 1971.

Decided Dec. 27, 1971.

Susan E. Crandall, New York City (Matthew Muraskin, James J. McDonough, Legal Aid Society of Nassau County, New York City, on the brief), for appellant.

Burton Herman, Asst. Atty. Gen., State of N. Y. (Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellee.

Before LUMBARD, HAYS and OAKES, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, denying appellant's petition for a writ of *habeas corpus*.

The sole issue is whether appellant's sixth amendment right to confront witnesses against him was violated when statements by co-defendants that implicated him in a crime were admitted into evidence. In 1965, appellant and five others were apprehended after the attempted robbery of a liquor store, whose owner was shot (not fatally) during the attempt. Two co-defendants, Richard Ferguson and Ike Hill, signed statements in which they confessed to being in the car that was used for the robbery, though they denied leaving it during the episode. Both claimed that co-defendant Eddie Cason (who pleaded guilty before the trial), co-defendant Rodney Mitchell (who was treated as a youthful offender), and a man whom they could identify only as "Duffy," left the car, walked toward the liquor store, and returned to the car after the attempt had been perpetrated. Duff himself signed a statement in which he admitted being in the car, but said that he "walked the other way," away from the liquor store, while Cason and Mitchell attempted to rob it. Two detectives testified to oral statements made by Duff to the effect that he had agreed to participate in the robbery and that he acted as a "look-out," standing "a door or two away" from the liquor store. The statements of all three defendants were found voluntary at a pre-trial *Huntley* hearing, People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), at which Ferguson testified, and were admitted into evidence with instructions that each was admissible only against the person making it. Other evidence against Duff included the testimony of David Hollis, who was incarcerated with Duff and Ferguson, and who repeated a statement by Ferguson that Duff had acted as a look-out. Hollis also claimed to have overheard Duff threaten Ferguson with harm unless the latter "cut him loose" from the case. Cason testified that Duff had gone into the store, but an eyewitness in the store, an acquaintance of the victim, was unsure in his identification of Duff. Duff was convicted of first degree attempted robbery, first degree attempted grand larceny, and two counts of second degree assault, and was sentenced to concurrent terms of 7½ to 15 years for robbery, and 2½ to 5 years on the remaining charges.

■ We reject appellant's claim that the admission of the written statements of Ferguson and Hill violated the rule of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The statements were similar to Duff's own confessions, written and oral, which placed him at the scene with a fair implication of knowing participation. When the defendant's "confession interlocks with and supports the confession of" the co-defendant, there is no violation of the *Bruton* rule. United States ex rel. Catanzaro v. Mancusi, 404 F.2d 296, 300 (2d Cir. 1968), cert. denied, 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123 (1970). "Where the jury has heard not only a codefendant's confession but the defendant's own confession [to essentially the same facts] no such 'devastating' risk attends the lack of confrontation as was thought to be involved in *Bruton*." Id. In the light of Duff's undisputed presence at the scene, Ferguson's and Hill's statements were not a "vitally important part of the prosecution's case" against him. See Frazier v. Cupp, 394 U.S. 731, 735, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); United States ex rel. Nelson v. Follette, 430 F.2d 1055 (2d Cir. 1970). A limiting instruction as that given here may be "adequate to protect appellant's constitutional rights" notwithstanding *Bruton*. See United States ex rel. Nelson v. Follette, *supra*, 430 F.2d at 1059; United States v. Cusumano, 429 F.2d 378, 381 (2d Cir.), cert. denied, Testa v. United States, 400 U.S. 830, 91 S.Ct. 61, 27 L.Ed.2d 61 (1970).

As far as Ferguson's statement is concerned, it should be noted also that Duff had the opportunity to cross-examine Ferguson at the *Huntley* hearing. See California v. Green, 399 U.S. 149, 165, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970);

People v. Moll, 26 N.Y.2d 1, 307 N.Y.S. 2d 876, 256 N.E.2d 185 (1970).

Affirmed.

OAKES, Circuit Judge (concurring).
I concur in the result.