### John Emerick v. The State.

No. 8113.   Decided March 5, 1924.

Rehearing denied April 3, 1924.

**1.—Manufacturing Intoxicating Liquor—Evidence—Res Gestae.**

Upon trial of manufacturing intoxicating liquor there was no error in admitting testimony concerning the bottle of fluid that was red and similar to what one of the witnesses said he had seen used for the purpose of coloring whisky. This was part of the res gestae of the transaction.

**2.—Same—Evidence—Objects in Proof.**

The testimony of two bottles of whisky which had been in possession of the district attorney presents no error, in view of the testimony of the assistant district attorney that he had received from the officers a certain quantity of whisky coming from the defendant.

**3.—Same—Evidence—Opinion Evidence.**

The witness having averred as a matter of fact her ability to detect the odor of corn whisky, based on her knowledge and familiarity with the same, and the fact that said odor came from the house of defendant and had been coming from there for two months before his arrest, the testimony was admissible.

Appeal from the Criminal District Court of Tarrant.   Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Moore & Parker,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney and *R. K. Hanger,* District Attorney, and *W. H. Tolbert* and *Julian M. Mastin,* Assistant District Attorneys, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Tarrant County of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

We are without the assistance of a brief on the part of able counsel for the appellant. The facts show that on the day of the alleged offense officers went to a house which appellant had had under his

control and management for three years and found him and another man present. The house consisted of three rooms, one behind the other. In the front room were found four hundred pounds of ice and five or six gallons of whisky. In the second room was a still in operation, the coil going through a barrel in which was ice. The fires were burning under the container. In this room also were found three barrels of mash ready for cooking and a bottle of coloring matter. In the third room were found eight barrels of fermenting mash. One of the State witnesses, Mr. Votaw, testified when they passed in front of the house they detected the odor of corn whisky. Appellant's only contention was that he rented the two rear rooms of his house to a man named "Charley" and that if there was any liquor being made on the premises it was being made by Charley and without any connection therewith on appellant's part. By a number of witnesses appellant proved a good reputation as a peaceable, law-abiding citizen.

Appellant has eight bills of exception. Nos. 1, 2 and 3 present objections in various form to testimony concerning the bottle of fluid that was red and similar to what one of the witnesses said he had seen used for the purpose of coloring whisky. We do not think the evidence objectionable. Appellant denied any connection with the whisky in process of manufacture on his premises. The witness for the State testified that while he was not a chemist or druggist, that he had seen similar red fluid used in coloring whisky. The finding of same was part of the res gestae of the transaction and was admissible for what it was worth.

The bill of exceptions complaining of the introduction in evidence of two bottles of whisky which had been in the possession of the district attorney presents no error in view of the testimony of the assistant district attorney that he had received from the officers a certain quantity of whisky as coming from the defendant at the time he was arrested, and further testimony of the witness that the bottles produced were part of that received from the officers. There was no bill of exceptions reserved to the testimony of the assistant district attorney. The objection to the bottles would go to the weight and not the admissibility of the testimony.

Appellant has four bills of exception presenting various objections to the testimony of State witness Mrs. Mann, who testified that she lived near appellant and for several months had been observing the smell of corn whisky coming from his house, she being familiar with the odor of such liquor, and that she noticed this smell the day the officers came out and made their raid. The witness having averred as a matter of fact her ability to detect the odor of corn whisky, based on her knowledge and familiarity with the same, and the fact that said odor came from the house of appellant and had so been coming for two months before the arrest, we think the evidence admissible.

One of said bills of exception is in question and answer form and would therefore be subject to an objection based on that fact.

In our opinion none of the bills of exception present reversible error, and the evidence appearing ample·to support the verdict, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied April 3, 1924.   Reporter.]