Otis Buchanan v. The State.

No. 9720.     Delivered March 10, 1926.

Rehearing denied June 25, 1926.

</div>

1.—Possessing Intoxicating Liquor—Evidence—Properly Admitted.

Where, on a trial for possessing intoxicating liquor, there was no error in permitting the officers who searched appellant's premises and found whiskey, mash, etc., thereon to show that they made the search by virtue of a search warrant. The authority of officers to invade a citizen's premises and search same is always proper to be established.

2.—Same—Evidence—Properly Received.

Where, on a search of his premises, appellant was found armed with a pistol, evidence of this fact was properly admitted, because it was a part of the res gestae, and for the further reason that it was proven that after the raid the appellant made a statement to the effect that he was armed at the time of the raid, and would have killed one of the officers had it not been for his wife.

3.—Same—Evidence—Held Sufficient.

Where, on a trial for possessing intoxicating liquor, it was shown by the state that a five-gallon keg of whiskey, barrels of mash and evidence of the manufacture of intoxicating liquor, on, or near appellant's premises, and the admission of appellant to the witness King that the whiskey found was his whiskey, we cannot say that this evidence did not warrant the jury in deciding the issues raised by the evidence in favor of the state and against the appellant.

### ON REHEARING.

4.—Same—Evidence—Properly Received.

On rehearing appellant insists that evidence by the state that, after the discovery of the five gallons of whiskey on appellant's premises, he was found at his home armed with a pistol, was erroneously received. Any doubt as to the pertinency of this testimony was removed by evidence of the witness King, who testified that the day after the raid appellant told him that he was armed, and would have killed one of the officers but for his wife. This testimony was properly admitted.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*C. E. Florence* of Gilmer, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Upshur County for the unlawful possession of intoxicating liquor, and his punishment assessed at three years in the penitentiary.

The record discloses that the officers obtained a search warrant to search the premises of the appellant, and found on the premises belonging to one Collier, about 85 yards from appellant's residence, a five-gallon keg of whiskey, and further off on said Collier's premises found several barrels which had contained mash, and places near thereby where the state's witnesses contended whiskey had been made, and what the witnesses

denominated "still sites"; that near where the keg of whiskey was found there were wagon tracks leading into the public road, and leading from the public road into the lot of, and near the residence of the appellant; and that while the officers were searching the premises of the appellant, he was observed coming through the woods to his residence, and it was discovered thereafter that he was armed with a pistol. The state's witness King testified that, on the day following the search, the appellant told him the officers had raided him, and had found some of his whiskey, and that, had it not been for his wife, he would have killed the deputy sheriff Hill. The appellant denied any connection with the whiskey in question, and denied that he told said King that, if it had not been for his wife, he would have killed said deputy.

The appellant in his brief presents three propositions for a reversal of this case: First, it was error for the court to permit the state to prove that the officers obtained a search warrant for the purpose of searching his premises; second, it was error for the court to permit the state to prove that he had a pistol during the time that the search was being made; and third, that the evidence is insufficient to support the verdict.

In support of the first proposition the appellant urges that the court erred in permitting the state to prove, over his objection, that a search warrant was obtained, because it would indicate and lead the jury to believe that the officers in issuing and securing said search warrant were of the opinion that the appellant was guilty of violating the law and was a bootlegger, and the admission of such testimony would of necessity be very prejudicial to his defense. We are unable to persuade ourselves into believing that the admission of this testimony was error.

Upon the second proposition, the appellant insists that the court, in permitting the state to prove that appellant was armed with a pistol, was in effect proving extraneous offenses, which was very prejudicial to his defense. It occurs to us that the pistol being discovered on the appellant at the time of searching his premises, it was a part of the res gestae of that transaction, and in view of the fact that the evidence of the state showed that the appellant stated that he would have killed the deputy sheriff at said time if it had not been for his wife, taking into consideration all the facts and circumstances surrounding the case, and the state having to rely for a conviction largely on circumstantial evidence, we are unable to reach the conclusion that this testimony was inadmissible.

As to the appellant's contention that the evidence is insufficient

to support the conviction, we have reached the conclusion that we would not be justified in holding, after a careful examination of all the facts and circumstances surrounding this case, in connection with the admission and statement made by the appellant to the witness King that it was his whiskey, that the jury was unauthorized in deciding the issues raised by the evidence in favor of the state and against the appellant.

For the reasons above stated we are of the opinion that the judgment of the trial court should in all things be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing especially upon the proposition that the trial court was in error in admitting in evidence, over objection, the testimony of an officer to the effect that after they had found a five-gallon keg of whiskey and returned to the appellant's house that appellant was armed with a pistol. It is appellant's contention that this is proof of another offense having no relation to nor throwing any light upon the matter under investigation before the jury. It is not in evidence that appellant made any threat at the time, but it is in evidence that on the next day after the raid by the officers appellant told witness King the officers had found five gallons of appellant's whiskey, and in this same conversation told King if it had not been for appellant's wife he would have killed one of the officers. In approving the bill bringing this matter forward for review the court refers to the statement of facts for the circumstances under which this testimony was admitted. The pistol having been found on appellant at the time of the raid, in connection with the statement made to the witness King, we think, made this testimony admissible. There is nothing in the officer's testimony to indicate that appellant was violating any law in carrying the pistol. He seems to have been upon his own premises and at his own house at the time. The fact that he had the pistol seems to have been discovered as an incident of the raid.

Presiding Judge Morrow entertains some doubt as to the admissibility of the evidence as to the pistol, but does not care to write upon it.

The motion for rehearing is overruled. *Overruled.*