## BILLIE BREWER v. THE STATE.

No. 18266.   Delivered June 3, 1936.
Rehearing Denied October 28, 1936.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The proof on the part of the State was to the effect that the store of Alex Mayer was burglarized on the 31st of March, 1935, and several articles of merchandise taken therefrom. On the 20th of April, 1935, officers searched appellant's residence and found therein some suits of clothes and other merchandise. Mr. Mayer and other witnesses testified that the articles found by the officers had been in the store shortly before the burglary. In short, their testimony warranted the conclusion that said property had been taken from the store at the time of the burglarious entry.

Testifying in his own behalf, appellant declared that he had bought said merchandise from a man in the city of Coleman. He said he did not know his name. Appellant's mother testified that she had let him have twenty-five dollars with which to buy some clothes.

We deem the evidence sufficient to support the judgment of conviction.

Bill of exception No. 1 deals with appellant's objection to the testimony of Alex Mayer to the effect that he was in charge of the burglarized building and had the control and possession thereof. Mr. Mayer testified that the Handleman Store, of which he was manager, was a corporation and that he owned forty per cent of its stock. We do not understand that his further statement that he was in charge of the building and had control and possession of it was a conclusion and inadmissible.

Bills of exception 3, 4, 5, 6, 8 and 9 deal with appellant's objections to the testimony of Alex Mayer and Edwin Fowler to the effect that the property exhibited to them and found in appellant's possession had been in the store shortly prior to the burglary and that same was missing shortly after the burglary. These witnesses positively identified the stolen property, basing their testimony on their familiarity with said property and the marks, brands and tags. We are unable to agree with appellant that their testimony constituted mere opinions and conclusions as to the identity of said property. In Busby v. State, 292 S. W., 234, we said:

"One who testifies from personal knowledge to the identity of property found in the possession of the accused with that

which was stolen is not understood as giving an opinion offensive to the rules of evidence. His statement is one of fact. It may be untrue or he may be mistaken, but the statement is not to be classified as an objectionable opinion."

Bills of exception 2 and 7, as qualified by the court, fail to present error.

Bills of exception 10 and 12 relate to the refusal of the court to permit witnesses for appellant to testify that appellant stated to them that he had bought the clothes in question. This testimony was self-serving and inadmissible. Harrison v. State, 278 S. W., 430. No one had challenged appellant's right to the possession of the clothes at the time the purported statements were made. Said statements were not admissible under the rule of res gestae, nor under the provisions of Art. 728, C. C. P.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant urges that error appears in that we declined to sustain his complaint in bill of exceptions 10. It appears that Mr. Fowler, an employee at the burglarized store, observed after said burglary that a window above an awning had been broken out. We quote from Mr. Fowler's testimony:

"On Monday morning the 1st of April this year, I noticed the window that was out after I got to the store that morning. So far as I know I am the one that noticed that first. That window was broken out and the glass was laying on the outside. That glass window was laying over on the awning over in front of the building; it was glass 17 by 20 inches."

On cross-examination he said again that the glass was down on the awning, that it was broken, shattered. We quote further: "As to whether that glass was knocked out from the outside or from the inside, I don't know. * * * I know what the effect is on glass to knock it out from one side or the other." If we understand said bill of exceptions, its complaint is that appellant was not allowed to prove by the witness that

he knew that glass in a window like the one testified about, if hit from the inside, would knock the glass outward, or to the outside. This testimony was objected to by the State as calling for an opinion, and the objection was sustained.

We confess our inability to see the possible materiality of this testimony. Mr. Fowler had sworn as follows: "That window was broken out and the glass was laying on the outside. That glass window was laying over on the awning over in front of the building." If in fact the window was out of its frame and lying on the awning, the question as to whether its shattered glass, which was lying there, was broken by force applied on the oneside or the other, would not settle or affect the guilt or innocence of this appellant. We do not think it would take any expert knowledge to know that if a window was struck from the outside, the glass would fall, if at all, on the inside, and vice versa. Of course if the window had been broken from its frame or casing, and laid on the owning, and thereafter in the passage or repassage through the opening the glass be broken, such question as that under discussion would be of no materiality whatever. There is no question but that the window was out, and an opening thus made would be by force applied to the building, and an entry through same would be burglary. We are not able to make application here of what we said in Gray v. State, 33 S. W. (2d) 457.

Appellant complains because we did not uphold his contention in bill of exceptions 12, wherein he urges that error was committed in not letting him prove by his mother that he told her "About buying the clothes and goods in question." The testimony given by appellant's mother is interesting. She said that he came to her and got $25.00 in April; that he was supposed to buy clothes with it. She was recalled to the witness stand and testified: "If Billie Brewer and Howard Brewer bought any new suits, I don't know anything about it," but she did testify that she saw Billie bring in some bundles. Clearly the proffered statement of appellant to his mother was self-serving and objectionable, as was that of appellant to witness Strickland.

We fail to find any testimony in this record which would not be material to the charge of burglary vel non, and think appellant's request to have the jury instructed not to consider any testimony which did not relate to the burglary, properly refused.

Not being able to agree with any of appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*