### TOMMY SAMUEL WINDHAM V. STATE

No. 31,723. March 16, 1960

Motion for Rehearing Overruled May 4, 1960

*Scarborough, Black & Tarpley,* by *James K. Graham,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is the possession of whisky, gin, vodka and malt liquor for the purpose of sale in a dry area; the punishment, one year in jail and a fine of $500.00.

Mrs. Della West testified that appellant and one Jerry Ray James came to see her about renting one of her apartments, that James did the talking but appellant furnished the money for the first month's rent, that as she prepared to make out the receipt to both of them James took the receipt and inserted his own name, that thereafter the two men unloaded some clothes, that she "saw them coming and going" and they lived in the apartment, and that after appellant was released from jail he came back and got "a lot of things."

On May 2, two officers, armed with a search warrant, searched the apartment and found 314 half pints of whisky and other containers of gin, vodka and malt liquor.

At the time of the raid, an automobile, which the officers testified they had seen appellant drive for some time, was parked in the apartment garage, and in it the officers found a quantity of beer. Appellant and James were in jail at the time.

Appellant did not testify in his own behalf, but proved that the utility deposit at that address had been made in the name of James.

Two contentions are advanced by brief and in argument. It is first asserted that the evidence is insufficient to support a finding that appellant lived in the apartment and exercised any control over the intoxicants. The fact that he was seen to carry in clothes on the day the apartment was rented and was seen to come and go during the ensuing week, together with the fact that he returned for his clothes after his release from jail, plus Mrs. West's testimony that he lived there, we have concluded was sufficient evidence to authorize the jury to conclude that he occupied the apartment jointly with James and exercised joint control over its contents.

Appellant objected to the introduction of three pieces of paper found in the apartment by the officers who made the

search. The first was a note which read, "Tommy—I've gone to take girl home and pick up spare. Wait here. Jerry." We have concluded that such note, though obviously not in appellant's handwriting, was admissible as a circumstance to show that appellant shared the apartment with Jerry James. The second contained several first names and the word "sunrise," and opposite the names were sums of money. This evidence could not have been injurious to appellant without some showing as to who the people were. When the officer testified that he knew people bearing such first names and what they did for a living, no objection was interposed. By permitting such testimony to be introduced without objection, we have concluded that appellant waived his objection originally made. The last piece of paper read as follows:

| "Apr. 29 | 5 cases | 286.00 |
| "May 1 | 5 cases | 277.00 |
| "May 1 | 16 Jax | 68.00" |

Though this was not shown to be in appellant's handwriting, it was found in an apartment where he was shown to be residing and, if error, not such as to call for a reversal of this conviction. Gray v. State, 116 Tex. Cr. Rep. 617, 33 S. W. 2d 457.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing appellant strenuously insists that the admission in evidence of the three pieces of paper found by the officers in the apartment constituted reversible error.

As was shown in our original opinion, the three pieces of paper were found by the officers in their search of the apartment for the liquor. The finding of the pieces of paper was a part of the res gestae of the transaction and the evidence was admissible as such. 18 Tex. Jur. par. 190, pages 305-308. Emerick v. State, 97 Tex. Cr. R. 50, 259 S. W. 1087 and Buchanan v. State, 104 Tex. Cr. R. 612, 286 S. W. 230.

The motion for rehearing is overruled.

Opinion approved by the Court.