Richard Lee MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 43517.

Court of Criminal Appeals of Texas.

March 17, 1971.

Rehearing Denied April 20, 1971.

William H. Shields, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schultz, Jr., W. T. Westmoreland, Jr. and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery with firearms; the punishment, ninety-nine (99) years upon a plea of guilty.

The sole question is the propriety of the State's argument. The court reporter was not called for until counsel for the appellant requested that he take the remainder of the argument. It appears from what is before us that the jury was qualified on their willingness to assess a punishment at five hundred years, but the prosecutor said, "Most of you at that time thought we were a little ridiculous," and followed that with a plea for such verdict. It was further shown that the prosecutor said, "I know that you people and myself knows that a person will not live five hundred years or we don't anticipate that they will live five hundred years." At this point, the appellant's objection to the argument was sustained and he moved for a mistrial and called for the court reporter to take the remainder of the argument.

Reliance is had upon the dissent in which the writer joined in Dorsey v. State, Tex. Cr.App., 450 S.W.2d 332. The reason for the dissent was that the jury was told that unless the jury assessed Dorsey's punishment at life or 99 years, they would not be able to hold him down there until he was rehabilitated. We find no such argument here.

While we have concluded that the request for five hundred years in the argument was somewhat "ridiculous," we do not find any cause for reversal. See Art. 42.12, Sec. 15(a), Vernon's Ann.C.C.P.[1]

The judgment is affirmed.

1. Art. 42.12, Sec. 15(a) "The Board is hereby authorized to release on parole, with the approval of the Governor, any person confined in any penal or correctional institution of this State, except persons under sentence of death, who has served one-third of the maximum sentence imposed, provided that in any case he may be paroled after serving 20 calendar years. Time served on the sentence imposed shall be the total calendar time served and all credits allowed under the laws governing the operation of the Department of Corrections, and executive clemency. All paroles shall issue upon order of the Board, duly adopted and approved by the Governor."