**James Douglas McArthur YEAGER,**
**Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 45226.**

Court of Criminal Appeals of Texas.

July 19, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, five hundred (500) years.

Appellant's sole ground of error is that his punishment is cruel and unusual within the meaning of the Eighth Amendment of the Constitution of the United States and Article 1, Sec. 13, of the Constitution of Texas, Vernon's Ann.St. Specifically, he contends that Art. 1257, Vernon's Ann.P.C., provides for cruel and unusual punishment since it sets no limit on the number of years a jury may assess and conceivably permit sentences of "one million" or more years. Alternatively, he suggests that the statute actually does not permit a sentence of 500 years. He claims that the wording of Article 1257, V.A.P.C., providing the punishment for murder as " . . . confinement in the penitentiary for life or for any term of years not less than two (2)" means that the jury may only assess life or a term of years less than a reasonable life expectancy but more than two (2).

Recently, in Sills v. State, Tex.Cr.App., 472 S.W.2d 119, 120, we dealt with a similar contention and concluded, as we do here, that a very long sentence:

" . . . does not change the rule that a person can be considered for parole when he has received credit for 20 years

date for the purposes of the enhancement allegation. Espinosa v. State, Tex.Cr. App., 463 S.W.2d 8.

or one-third of his sentence, whichever is the less. Art. 42.12, Sec. 15, Vernon's Ann.C.C.P. Since such [long] sentences serve no purpose, the Legislature should at least set a maximum as well as a minimum for every crime. The entire sentencing structure of the State of Texas should be inquired into by the Legislature, which is the proper body, and not this Court, to make those corrections."

See also Miller v. State, Tex.Cr.App., 465 S.W.2d 150.

Finding no reversible error, the judgment is affirmed.