**Robert Floyd ANGLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46725.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Rehearing Denied Nov. 21, 1973.

Malcolm Dade, Dallas (On appeal only), for appellant.

Henry Wade, Dist. Atty., Wm. J. Teitelbaum, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for murder with malice aforethought wherein the punishment was assessed at 2,500 years' confinement in the Texas Department of Corrections. See also Angle v. State, 486 S.W.2d 408 (Tex.Cr.App.1972).

The sufficiency of the evidence is not challenged. Suffice it to say the evidence reflects that in the course of a robbery at an automobile parts shop in Dallas on December 23, 1969,[1] the appellant shot and killed the operator, Jack Katz, and shot Mrs. Katz in the mouth.

1. The record reflects appellant was arrested on February 21, 1970. His trial commenced on April 6, 1971. The appellate record reached this court on February 18, 1973.

▮ At the outset appellant complains that the State was permitted to improperly introduce the fact that appellant had been denied "bond" or bail by the trial court. He contends, without citation of authority, that such evidence indicated to the jury the trial court's opinion that the appellant was guilty and that the case was an extreme one.[2]

The record reflects that appellant's counsel attempted to shake Mrs. Katz's in-court identification of the appellant and in the course of the cross-examination elicited from her that she had identified the appellant at the "bond hearing," at "bond time," on the "bond issue." On redirect examination the prosecutor directed the witness' attention to the bond hearing previously inquired about, and then asked if the judge had denied bond after hearing evidence.

Appellant's counsel then stated, "Your Honor, we object to that—." His objection was interrupted by the witness' answer, "Yes, he denied bond." The court then overruled the objection.

Subsequently, while testifying in his own behalf, appellant detailed his prior convictions and related that the first time he had "any hearing" was almost eleven months after his arrest when he filed an application for writ of habeas corpus.

On cross-examination the appellant acknowledged that he had instituted the habeas corpus proceedings to get a bond set in his case, and testified, without objection, that the judge, after hearing evidence, denied bail.

The State contends that the appellant first elicited testimony concerning the bond hearing and that this permitted the State to elicit testimony as to the action of the court thereon. We cannot agree. Cf. Brooks v. State, 475 S.W.2d 268 (Tex.Cr. App.1972).

The fact that in attacking the witness' identification of the appellant it was shown that she identified him at a bond hearing where he was seated with his lawyers after she had been shown a series of photographs would not authorize the State to then show the result of such hearing and the action of the trial judge after hearing evidence. Cf. Allen v. State, 493 S.W.2d 515 (Tex.Cr.App.1973); Willeford v. State, 489 S.W.2d 292 (Tex.Cr.App.1973). We cannot conclude that Article 38.24, Vernon's Ann.C.C.P., would authorize the State's action. The question should not have been asked. However, we do not think the error is reversible error under the circumstances. At the time the complained of testimony was elicited, the appellant made only a general objection and did not direct the trial court's attention to the basis of his complaint on appeal. See Pitts v. State, 478 S.W.2d 555 (Tex.Cr. App.1972).

Further, after appellant's testimony on direct examination clearly indicated he had been incarcerated since his arrest, he testified on cross-examination, without objection, to the same facts now complained of regarding the denial of bail. In Windham v. State, 169 Tex.Cr.R. 448, 335 S.W.2d 221 (1960), it was held that permitting similar testimony to be introduced after objection waives the objection.

▮ Next, appellant contends that the 2,500 year sentence imposed as the result of the jury verdict constitutes cruel and unusual punishment excessive in nature in violation of the Eighth Amendment of the United States Constitution. See also Article I, Sec. 13, Texas Constitution Vernon's Ann.St.

Appellant urges this court to extend the holding in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), declaring the death penalty unconstitutional

---

2. The record reflects that the trial judge sitting by administrative assignment was not the same judge who conducted the hearing on the writ of habeas corpus to set bail, but this fact was not developed in the presence of the jury and it should not have been.

to his case and sentence. He particularly relies upon the language in Mr. Justice Brennan's concurring opinion.

The State cites numerous cases for the proposition that if the punishment is within that prescribed by the statute it is beyond the province of the appellate court to pass upon the question of excessive punishment. See Darden v. State, 430 S.W.2d 494, 496 (Tex.Cr.App.1968); Yeager v. State, 482 S.W.2d 637 (Tex.Cr.App.1972). Further, attention is directed to Article 1257, Vernon's Ann.P.C., prescribing the penalty for murder, it being noted that it provides in part that punishment can be "any term of years not less than two." In Ex parte Davis, 412 S.W.2d 46 (Tex.Cr.App.1967), it was said, " * * * a statute which affixes a minimum, but not a maximum, term of years as punishment is a valid statute."

In the case at bar neither the voir dire examination of the jury panel nor the jury arguments are brought forward in the record, if recorded at all. Thus, it does not appear whether the verdict returned was recommended and urged by the prosecution.

While holding that punishment within the provisions of a penal statute does not constitute cruel and unusual punishment, this court has expressed its concern over the use of open-end statutes to impose a 1,000 or even a million year sentence by virtue of a jury verdict.[3] See, e. g., Miller v. State, 465 S.W.2d 150 (Tex.Cr.App. 1971); Sills v. State, 472 S.W.2d 119, 120 (Tex.Cr.App.1971); Knox v. State, 487 S.W.2d 322 (Tex.Cr.App.1972); Yeager v. State, supra. These opinions urged a reconsideration of the entire sentencing

structure by the Legislature. In enacting a new Penal Code (Acts 1973, 63rd Leg., Ch. 12, p. 905, et seq.), the Legislature has provided new statutes which will eliminate the use of open-end penal statutes on the effective date of the new code (January 1, 1974).

After due consideration, we adhere to our previous holdings and decline to extend the holding in Furman v. Georgia, supra, to the factual situation presented by the instant appeal.

The judgment is affirmed.

---

3. The court was not alone in its concern. Appearing before the State Senate Interim Drug Study Committee, on April 10, 1972, Dr. George Beto, then Director of the Texas Department of Corrections, stated:

   "Some people labor under the wholly false impression that severity of punishment is a deterrent to crime. It's my considered opinion that the severity of punishment has little to do with deterrence. I think swiftness of punishment and sureness of punishment does. But this belief, this severity of punishment, has resulted in this State giving sentences that, believe me, have made us the laughing stock of the United States . . . . "