**Antonio RODRIQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48282.**

Court of Criminal Appeals of Texas.

May 1, 1974.

Rehearing Denied June 5, 1974.

**626**

———◆———

Malcolm Dade and John E. Rapier, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a jury trial of sale of heroin. The jury assessed punishment at fifteen hundred years' confinement.

The record reflects that appellant sold to undercover agent Roberts three capsules of heroin for $21.00. The cellophane package from which appellant took these capsules contained 25 to 30 capsules. Chain of custody was shown, and a qualified chemist identified the capsules sold to Roberts as containing heroin.

Appellant offered no testimony at the guilt stage. After the verdict of guilty was returned, the State, at the punishment stage of the trial, introduced evidence of two prior convictions, these being a federal conviction for the sale of marihuana, and a state conviction for robbery. Appellant, at the punishment stage, testified on direct examination that he had been a heroin addict for 10 years, that he "needed" between 20 to 24 capsules a day, and used heroin of the market value of about $75.00 daily. Much evidence was introduced by both parties of the evil effects of the use of heroin in such manner.

In his first ground of error, appellant contends that the verdict of 1500 years is void, excessive, cruel and unusual punishment under U.S. Constitution, Amendment VIII, and Texas Constitution, Art. 1, Section 13, Vernon's Ann.St., because it is outside the range of punishment prescribed in Article 725b, Section 23(b), Vernon's Ann.P.C. This Article, in effect at the time of the commission of the offense and the trial, provided a punishment of "not less than five years nor more than life." Appellant argues that since this article does not contain the language "any term of years," cases such as Angle v. State, Tex. Cr.App., 501 S.W.2d 99 (2500 years for murder with malice); Yeager v. State, Tex.Cr.App., 482 S.W.2d 637 (500 years for murder with malice); and Sills v. State, Tex.Cr.App., 472 S.W.2d 119 (1000 years for robbery by assault) do not affect the instant case. He contends that since life is the maximum punishment which can be assessed under the statute for sale of heroin, a sentence of 1500 years is greater than life, and therefore void.

Recently, in Albro v. State, Tex.Cr.App., 502 S.W.2d 715 (1973), we upheld a punishment of 100 years assessed under Article 725b, Section 23(a), V.A.P.C., for possession of marihuana. This article also did not include the phrase "any term of years." The punishment was attacked as being prohibited by the Eighth Amendment and by Article 1, Section 13 of our State Constitution. In overruling the defendant's contention, we stated:

"We have often held and remain convinced that the period of imprisonment assessed by a court or a jury for possession of marihuana, if within the permissible range provided by statute, is neither cruel and unusual under the Constitution of the United States nor cruel or unusual under the State Constitution" citing authorities.[1]

---

1. The punishment assessed was not attacked as being outside of the range of punishment fixed by statute.

In Yeager v. State, supra, in upholding a punishment of 500 years for murder, we said:

"Recently, in Sills v. State, Tex.Cr.App., 472 S.W.2d 119, 120, we dealt with a similar contention and concluded, as we do here, that a very long sentence:

" '. . . . does not change the rule that a person can be considered for parole when he has received credit for 20 years or one-third of his sentence, whichever is the less. Art. 42.12, Sec. 15, Vernon's Ann.C.C.P. Since such [long] sentences serve no purpose, the Legislature should at least set a maximum as well as a minimum[a] for every crime. The entire sentencing structure of the State of Texas should be inquired into by the Legislature, which is the proper body, and not this Court, to make those corrections.'

"See also Miller v. State, Tex.Cr.App., 465 S.W.2d 150." [2]

 We consequently hold that the punishment assessed by the jury is within the range prescribed in Article 725b, Section 23(b), V.A.P.C., and is neither cruel nor unusual under the Federal or State Constitutions. Angle v. State, supra; Albro v. State, supra; Sills v. State, supra; Yeager v. State, supra.

Appellant, in his second and third grounds of error, complains of certain portions of the State's argument to the jury at the guilt stage. In both instances, the court sustained appellant's objections, and instructed the jury to disregard the complained of argument, but overruled motions for mistrial. We have considered the remarks of the State, and do not find that they were of an inflammatory or prejudicial nature that could not be cured by such instructions. Morgan v. State, Tex.Cr. App., 502 S.W.2d 695.

The second and third grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.

---

[2]. We repeat as we said in Angle v. State, supra, that this Court has expressed its concern over the use of open-end statutes to impose a 1,000 or even a million year sentence by virtue of a jury verdict. Fortunately, this situation has been revised by the adoption in 1973 of the new penal code, effective January 1, 1974, which fixes the maximum term of years which can be assessed at 99 years. Sec. 12.32, Texas Penal Code (1973).