Antonio RODRIGUEZ,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 76–1107
Summary Calendar. *

United States Court of Appeals,
Fifth Circuit.

Aug. 12, 1976.

Antonio Rodriguez, pro se.

John L. Hill, Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Mark Perlmutter, Asst. Atty. Gen., Marianne Wesson Cantrick, Austin, Tex., for respondent-appellee.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal from an order of the District Court denying appellant Antonio Rodriguez's two consolidated petitions for habeas corpus relief. Rodriguez, a Texas prisoner, challenges the sentences imposed as the result of two separate jury convictions for the sale of heroin. Appellant was represented by court-appointed counsel at both trials. At the first trial, the jury sentenced Rodriguez to 1500 years of imprisonment. Appellant's second conviction produced a jury-imposed sentence of 85 years. Each conviction was separately affirmed by the Texas Court of Criminal Appeals. *Rodriguez v. State,* Tex.Cr.App., 1974, 509 S.W.2d 625 (1500-year sentence); *Rodriguez v. State,* Tex.Cr.App., 1973, 495 S.W.2d 952 (85-year sentence).

■ Appellant first contends that the 1500-year sentence imposed upon him after his first conviction is in violation of Texas law. This contention, however, was rejected by the Texas Court of Criminal Appeals in Rodriguez's direct appeal from his first conviction. *Rodriguez, supra,* 509 S.W.2d at 626–27. This authoritative determination of state law is, of course, binding on federal courts. *See Hall v. Wainwright,* 5 Cir., 1974, 493 F.2d 37, 39. Moreover, under Texas law, any prisoner is eligible for parole upon receiving credit for 20 years' imprisonment or after serving one third of his sentence, whichever is less. *See Rodriguez, supra,* 509 S.W.2d at 627. Under the circumstances of this case, we find that the sentence imposed does not give rise to a constitutional violation. *See Yeager v. Estelle,* 5 Cir., 1974, 489 F.2d 276, *cert. denied,* 416 U.S. 908, 94 S.Ct. 1616, 40 L.Ed.2d 113 (1974) (500-year sentence imposed in Texas murder conviction approved).

Rodriguez attacks his second conviction on the ground that two jurors read or were otherwise informed of a newspaper article describing the 1500-year sentence he had received as a result of his conviction in the first case. The article in question appeared the morning after the jury in the second case had found appellant guilty of selling heroin but before it had begun to hear evidence during the sentencing stage of the trial. Upon learning of the article from appellant's counsel, the trial judge questioned the jurors to determine whether any of them had been exposed to any news accounts of his prior conviction. Although two jurors had knowledge of the article in question, each stated that it would have no effect on her consideration of the punishment to be assessed against Rodriguez. The District Judge admonished these jurors not to make any mention of the newspaper article to the other jurors. Appellant's counsel made no motion for mistrial or for any other action by the court.

■ Inasmuch as Rodriguez's counsel himself raised the issue of the article's potential prejudicial effect on the jury, his subsequent failure to move for a mistrial or otherwise object to the District Court's handling of the matter must be viewed as a tactical decision to proceed with the original jury.[1] Such a deliberate tactical choice operates, as a matter of federal law, to preclude the raising of this "trial-type right" in subsequent habeas proceedings. *Estelle v. Williams,* —— U.S. ——, ——, 96 S.Ct. 1691, 1695–97, 48 L.Ed.2d 126 (1976) (plurality opinion); *Id.* at ——, 96 S.Ct. at 1698 & nn. 3 & 4, 48 L.Ed.2d at 137 & nn. 3 & 4 (Powell, J., concurring); *see Henry v. Mississippi,* 379 U.S. 443, 449–52, 85 S.Ct. 564, 568–69, 13 L.Ed.2d 408 (1965); *Fay v. Noia,* 372 U.S. 391, 438–40, 83 S.Ct. 822, 848–49, 9 L.Ed.2d 837 (1963); *cf. Newman v. Henderson,* 5 Cir., 1974, 496 F.2d 896, 899, *aff'd*

---

1. A similar view was taken of the record in Rodriguez's direct appeal to the Texas Court of Criminal Appeals:

> Counsel for appellant, in his brief, does not point to any ruling of the trial judge which he claims to be error. In fact, the trial judge did comply with all his requests in regard to this

matter. No motion for a mistrial was made. We must conclude that the appellant was satisfied as to the court's handling of the situation and cannot now be heard to complain.

*Rodriguez v. State, supra,* 495 S.W.2d at 957.

*sub nom., Francis v. Henderson,* —— U.S.
——, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

■ We note, moreover, that the Supreme Court's decisions " 'cannot be made to stand for the proposition that juror exposure to information about a state defendant's prior convictions or to news accounts of the crime with which he is charged alone presumptively deprives the defendant of due process.' " *Nebraska Press Association v. Stuart,* —— U.S. ——, ——, 96 S.Ct. 2791, 2805, 49 L.Ed.2d ——, 44 U.S.L.W. 5149, 5157 (U.S. June 29, 1976); *quoting Murphy v. Florida,* 421 U.S. 794, 799, 95 S.Ct. 2031, 2036, 44 L.Ed.2d 589 (1975).[2] In this case, there is no showing that the exposure of two jurors to appellant's prior conviction during the punishment phase of the proceedings denied Rodriguez a fair trial. Because the only issue then before the jury was the punishment to be assessed against Rodriguez, there was no prejudice inherent in their being informed of one of his prior convictions. Indeed, the prosecution later properly introduced evidence of four other prior convictions. Most importantly, all the jurors were carefully questioned and admonished not to consider the news report. As we have seen, the two jurors who had been exposed to the article both affirmed their ability and intention to disregard it. We therefore find no indication in the record that appellant's trial was not fundamentally fair. *See Murphy v. Florida, supra,* 421 U.S. at 799–803, 95 S.Ct. at 2036–38.

The order of the District Court denying appellant's application for a writ of habeas corpus is therefore

AFFIRMED.

**2.** Appellant's reliance on *Marshall v. United States,* 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959), is misplaced. *Marshall* concerned the exposure of seven jurors, during the guilt-or-innocence phase of a federal trial, to various news accounts concerning the defendant's prior record. Noting that the jurors had been exposed to information with a high potential for prejudice, the Supreme Court reversed the conviction. The decision, however, was not based on constitutional grounds but rather on

its "supervisory power to formulate and apply proper standards for enforcement of the criminal law in the *federal* courts." 360 U.S. at 313, 79 S.Ct. at 1173 (emphasis supplied). As the Court stated in *Murphy v. Florida, supra:*

In the face of so clear a statement, it cannot be maintained that *Marshall* was a constitutional ruling now applicable, through the Fourteenth Amendment, to the States. 421 U.S. at 758, 95 S.Ct. at 2035.