George **BROWN**, Jr., Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Correction, State of Florida, Respondent-Appellee.

No. 77–2758
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 30, 1978.

Opinion Withdrawn July 21, 1978. See 576 F.2d 1148.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

George Brown, Jr., pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Robert J. Landry, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

The District Court denied George Brown, Jr.'s petition for habeas corpus, and he appeals. Brown contends that the District Court erred in failing to conduct an evidentiary hearing on his claims that (1) evidence used against him at his trial was wrongfully seized without a warrant; (2) he was charged by information instead of being indicted by a grand jury; and (3) his life sentence for a $71 robbery was excessive.

The District Court correctly held that appellant's search and seizure claim was barred because it had been adjudicated previously. Its record in No. 69–189–Civ–T shows that relief was denied on this contention in September 1969. The District Court denied a certificate of probable cause in March 1970, and no application therefor was made to this Court.

Appellant subsequently filed a successive federal habeas petition raising the search and seizure issue, the District Court's No. 70–96–Civ–T. The District Court denied habeas relief and certificate of probable cause, and in February 1971 a Judge of this Court denied appellant's motion for a certificate of probable cause. Successive petitions based on the same grounds need not be adjudicated on their merits. 28 U.S.C. § 2244; *Scarborough v. Wainwright,* 5 Cir., 1968, 404 F.2d 318.

Moreover, appellant concedes that his trial court heard evidence on his motion to suppress the evidence. He is not entitled to relitigate his search and seizure claim in the federal courts, because it appears that he had a full and fair opportunity to do so in the state courts. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Since a hearing was held at his trial, appellant cannot be heard to complain that he did not receive another evidentiary hearing on the point in his state postconviction proceedings.

There is no merit to appellant's contention that he had a constitutional right to be indicted rather than charged by an information. The Fourteenth Amendment's Due Process Clause "does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." *Alexander v. Louisiana,* 405 U.S. 625, 633, 92 S.Ct. 1221, 1226–1227, 31 L.Ed.2d 536, 543 (1972).

Nor is there any merit to appellant's contention that he is entitled to federal habeas relief on grounds that his life sentence for robbery was excessive. This claim is not of constitutional magnitude, considering Florida's liberal provisions for parole eligibility. *Rodriguez v. Estelle,* 5 Cir., 1976, 536 F.2d 1096; *Bonner v. Henderson,* 5 Cir., 1975, 517 F.2d 135.

AFFIRMED.