**William J. GOODRICH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–83–211CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 12, 1984.

William Vance, Bryan, for appellant.

Travis Bryan, III, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Appellant was indicted for aggravated rape. The jury found appellant guilty and assessed punishment at confinement for life. Appellant raises ten grounds of error; he alleges improprieties regarding voir dire, the "Gaskin Rule", jury argument,

and the admission of certain evidence. Appellant's grounds have no merit; we affirm.

On October 18, 1982, at approximately 1:00 a.m., the prosecutrix was awakened by an intruder. She had been sleeping in her living room when a man grabbed her right arm and twisted it behind her back. When she screamed, her attacker threatened to kill her if she screamed again. The man identified himself as "Billy Campbell" and told the prosecutrix that he wanted to be her big brother. He had sexual intercourse with the prosecutrix without her consent and left by the front door. The prosecutrix got a good look at the face of her attacker. In November of 1982, the prosecutrix identified appellant, William J. Goodrich, from a photo spread as her attacker. Geri Austin testified that appellant frequented her bar, The River Bottom, and that he had said "I want to be your big brother" to her waitresses.

■ In his first ground of error, appellant alleges that the prosecutor displayed the enhancement paragraph of the indictment to the jury panel during voir dire examination. Appellant contends that his rights were prejudiced because four of the veniremen who saw the actions of the prosecutor eventually served on the jury in his trial.

After a jury has been impaneled in any criminal action, and when prior convictions are alleged for enhancement only, "that portion of the indictment ... reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07." Tex.Code Crim.Proc.Ann. art. 36.01, § 1 (Vernon 1981). During voir dire, appellant objected to the prosecutor laying the indictment face up where it could be seen by the veniremen. The prosecutor denied displaying the indictment to the jury panel, stating: "I was simply holding it in my hand next to counsel table and reading from it, a distance of five or six feet away from the jurors, at least."

The only authority cited by appellant is *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr. App.1975). In *Hicks* the defendant objected to the prosecutor's comment on defendant's failure to testify, and that allegation was not disputed by the State. *Hicks* is inapplicable in the instant case.

Here, the prosecutor disputed appellant's version of the incident, the court overruled appellant's objection, and appellant made no further effort to have the record reflect prosecutorial misconduct. The record reflects no error; appellant's first ground of error is overruled.

In his second ground of error, appellant objects to the admission of evidence that he had "peeped" into the prosecutrix's window on several occasions prior to the rape.

"The test for determining the admissibility of any type of evidence is whether the probative value of such evidence outweighs its inflammatory aspects, if any." *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App. 1972). One of the prosecutrix's neighbors, Jeff League, testified over appellant's objection that on several occasions appellant had remarked about the prosecutrix's lack of clothing while peeping into the window of her mobile home. The record reflects that Jeff League's wife, Jo Ann, also testified about appellant's window peeping. Defense counsel did not object that her testimony was an attempt to admit an extraneous offense.

■ It is well-settled law that evidence improperly admitted does not constitute reversible error if the same facts were proven by other evidence without objection. *Brasfield v. State*, 600 S.W.2d 288, 296 (Tex.Cr.App.1980). Even if Jo Ann League's testimony had been properly challenged, we think the probative value of the evidence of window peeping outweighs its prejudicial effect, if any. Furthermore, such evidence would be properly admissible as being relevant to the issues of identity and system. *Davis v. State*, 516 S.W.2d 157, 162 (Tex.Cr.App.1974). The second ground of error is overruled.

■ In his third ground of error, appellant objects to the admission of testimony of the Prosecutrix that she had been a virgin prior to being raped. Dr. Sam Roberts testified that immediately after the attack he observed that Prosecutrix's hymen had been recently torn and was bleeding. The Prosecutrix's testimony merely corroborates evidence of one of the elements of rape, intercourse. Any evidence which tends to make the proposition at issue either more or less probable is relevant. *Gray v. State,* 116 Tex.Cr.R. 617, 33 S.W.2d 457 (1930). The prosecutrix's testimony is more probative than inflammatory. *See Albrecht v. State,* 486 S.W.2d 97 (Tex. Cr.App.1972). The third ground of error is overruled.

■ In his fourth ground of error, appellant argues that under the "Gaskin Rule" he was improperly denied the use of a taped statement of the prosecutrix. A defendant has a right to use a witness' prior statement for the purpose of cross-examination, and possibly impeachment, where demand is made after the witness has testified on direct examination. *Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1961). The prosecutor stated that she taped an interview with the prosecutrix for the purpose of preparing trial notes. Apparently, the tape in question was never reduced to a written statement. We know of no cases extending the "Gaskin Rule" to electronically recorded statements or reports.

■ Nonetheless, appellant must make an effort to properly incorporate in the appellate record the report or statement of which he complains. *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977); *Lewis v. State,* 481 S.W.2d 804 (Tex.Cr.App.1972); *Leal v. State,* 442 S.W.2d 736 (Tex.Cr.App. 1969). The tape is not in the record before us. Furthermore, the record fails to show that appellant made any effort to have the tape appear in the record by a Bill of Exceptions or in a Motion for New Trial.

Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant objects to the admission of testimony showing that appellant had beaten his wife. The witness, Doris Wells, testified that she knew Bill and Pat Goodrich. The record does not reflect any response by Doris Wells when the prosecutor asked her if she had ever seen Pat Goodrich in a beaten condition. Appellant's counsel attempted to have the record reflect that the witness nodded her head affirmatively, but the court refused. Appellant made a purported bystander's bill of exception to support his contention. However, appellant failed to lay the proper predicate for a bystander's bill. The filing of a formal bill of exception and a qualification of the bill constitute the proper predicate for the filing of a bystander's bill of exception. *Garcia v. State,* 522 S.W.2d 203, 209 (Tex.Cr. App.1975). *See* Tex.Code Crim.Proc.Ann. art. 40.09, § 6 (Vernon Supp.1984). Appellant filed no formal bill; therefore, his bystander's bill presents nothing for review. Appellant's fifth ground of error is overruled.

■ In his sixth ground of error, appellant objects to the trial court's admission of testimony bolstering "the unimpeached identification testimony of the Prosecutrix." The record reflects that appellant's counsel attempted to impeach the identification testimony of prosecutrix on cross-examination. The State was then entitled to bolster the prosecutrix's testimony with testimony from a third party. *Wilhoit v. State,* 638 S.W.2d 489 (Tex.Cr.App.1982); *Roney v. State,* 632 S.W.2d 598 (Tex.Cr. App.1982); *Smith v. State,* 595 S.W.2d 120 (Tex.Cr.App.1980). Appellant's sixth ground of error is overruled.

■ In his seventh ground of error, appellant objects to the prosecutor's comment on the credibility of a State's witness. The prosecutor stated that he thought Jo

Ann League was a very believable witness. After objection by appellant's counsel, the prosecutor withdrew the statement, and the court instructed the jury to disregard it. We must consider the entire context in which the alleged prejudicial remark appears. *Blassingame v. State,* 477 S.W.2d 600, 604 (Tex.Cr.App.1972). An instruction is usually sufficient to cure improper jury argument, unless it is highly inflammatory. *Blansett v. State,* 556 S.W.2d 322 (Tex.Cr.App.1977). Nevertheless, we must consider the probable effect of the statement on the minds of the jurors in order to determine whether reversal is necessary. *Spaulding v. State,* 505 S.W.2d 919 (Tex.Cr.App.1974).

■ Considering the amount of evidence tending to prove appellant's guilt, the prosecutor's statement could not have had a significant effect on the jury's deliberations. Appellant's seventh ground of error is overruled.

■ In grounds of error eight, nine and ten, appellant objects to the admission of evidence recovered "as a result of the unlawful arrest of appellant." The affidavit supporting the search warrant recites that the offense was committed on October 18, 1982, but that the corroborating information from Jeff League was obtained on October 2, 1982. Appellant argues that the affidavit did not establish probable cause for appellant's arrest, because it would have been impossible for League to supply information concerning a completed offense some sixteen days before that offense occurred.

■ Our determination of the sufficiency of an arrest warrant affidavit's statement of probable cause is limited to the four corners of the affidavit. However, we interpret such affidavits in a common sense and realistic manner, and the magistrate who reviews such an affidavit may draw inferences from the facts contained in it. *Jones v. State,* 568 S.W.2d 847, 855 (Tex.

Cr.App.1978); *McMahon v. State,* 630 S.W.2d 730, 734 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). The affidavit shows that League gave affiant information concerning appellant's activities on the night of the offense and the preceding morning. We think the magistrate could properly find probable cause from the facts in the affidavit and inferences therefrom. Grounds of error eight, nine and ten are overruled.

The judgment of the trial court is affirmed.