489 F.2d 276
 James Douglas McArthur YEAGER, #226841, Petitioner-Appellant,
v.
W. J. ESTELLE, Director, Texas Department of Corrections,
Respondent-Appellee.
No. 73-2656 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 21, 1973, Certiorari Denied April 1, 1974, See 94 S.ct.
1616.
 
 James Douglas McArthur Yeager, pro se.
 Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.
 Before GEWIN, COLEMAN and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the denial of a habeas corpus petition, raising the sole question of whether the district court erred in concluding that a 500 year sentence assessed by a jury finding him guilty of murder with malice constituted cruel and unusual punishment in violation of the eighth amendment.[1] We affirm.
 
 
 2
 In reviewing appellant's claim we are governed by the principle that a sentence within the statutory limits will not be upset unless it is so disproportionate to the crime committed that it shocks human sensibilities. Hart v. Coiner, 483 F.2d 136, 139-140 (4th Cir. 1973); United States v. Drotar, 416 F.2d 914, 916 (5th Cir. 1969). Article 1257, Vernon's Annotated Penal Code (1961) prescribes as a penalty for murder with malice '. . . confinement in the penitentiary for life or for any term of years not less than two.' The Texas Court of Criminal Appeals has determined that a 500 year sentence is within the statutory prescription. See Yeager v. State, 482 S.W.2d 637 (Tex.Cr.App.1972); see also Sills v. State, 472 S.W.2d 119, 120 (Tex.Cr.App.1971) (1,000 year sentence is within statute).
 
 
 3
 While we concede, as did the Texas Court of Criminal Appeals, see Yeager v. State, supra, that a 500 year sentence is patently absurd, we subscribe to its view and that of the district court, that the imposition of this sentence does not rise to a constitutional violation in the circumstances of this case. Under Article 42.12, 15, Vernon's Annotated Code of Criminal Procedure (Supp.1972), appellant will be eligible for parole upon receiving credit for service of twenty years of his sentence or after serving one-third of the sentence, whichever is less. Thus, the practical effect of his sentence is no more onerous than that where a life term is assessed. Unwilling to exalt form over substance, we conclude that appellant's sentence is not so disproportionate to the crime committed that it shocks human sensibilities.
 
 
 4
 Affirmed.
 
 
 
 [1]
 There was no evidentiary hearing in this case and it appears that none was necessary in view of appellant's contention. The United States Magistrate reviewed the case and made recommendations to the district court. According to the district court's order the court not only reviewed the findings of the Magistrate but it also reviewed the 'pleadings, files and records in this case.'